## Adams *versus* Pittsburg Insurance Co.

1. In order to prove a custom that the captain of a steamboat has authority to bind the owners by giving a premium-note for insurance, the evidence must be clear, uncontradictory and distinct, so as to leave no doubt as to its nature and character.

2. Custom is usage so long established and so well known as to have acquired the force of law.

3. A steamboat captain, under the direction of a part owner, executed a premium-note for insurance on the boat. The evidence in this case *Held* not to be sufficient to establish a custom under which the other owners would be bound by the note.

October 10th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Allegheny county:* Of October and November Term 1874, No. 73.

This was an action of assumpsit, commenced March 8th 1873, by the Pittsburg Insurance Company against John S. Adams and Adam Jacobs, who survived James Collins, late owners of the steamboat "Glasgow." Adams alone was summoned.

The action was on the following note :—

"$600.00.                         Pittsburg, June 1st 1867.

Nine months after date          promise to pay to the order of                              six hundred dollars. Payable at office of Pittsburg Insurance Co., without defalcation, for value received.

"For steamer Glasgow and owners,
                    "G. W. JOHNSTON, Capt."

The defendants denied the authority of the captain to bind them by such note, and the principal question in the case was whether there was a custom authorizing captains of steamboats thus to bind the owners.

The case was tried January 16th 1874, before Stowe, J.

The plaintiffs' evidence was as follows :—

James Gordon testified : " Collins, one of the owners, and G. W. Johnston, captain, effected this insurance. Previous insurances had been effected on this vessel the same way."

The plaintiff offered to prove by the witness that the making and delivery of the note in this case by the captain (G. W. Johnston), for the premium of insurance effected on the steamboat " Glasgow," for the owners, was done in accordance with the general custom, and in the like manner as to prior insurance on the same boat, made by the captain and James Collins, one of the owners, for all the owners of the said boat.

The defendant's counsel objected to the offer.

The offer was admitted, and a bill of exceptions sealed.

Witness proceeded : " Have been interested in twenty-eight

[Adams *v.* Pittsburg Insurance Co.]

steamboats, and the rule always was for an owner and the captain to insure for owners and give note, signed by captain, as was done in this case; never knew it done otherwise. Saw Collins about this insurance before I went down to boat to deliver policy. Collins and Adams both lived here in city; knew them both."

David Hultz testified: "It was customary for the captain to give note when there is an insurance of boat, signing captain for steamboat and owners."

Captain Atkinson testified: "Been in insurance business since '64. Know 'Glasgow.' The captain almost invariably insures steamboat for boat and owners; gives note at nine months for boat and owners. The insurance on this boat was effected by Johnston as captain from the first for owners. Don't know whether in all cases the captain has been part owner or not; often they have been. I know of no case where the captain was not directed by the owner."

Chas. M. Fairman testified: "It has been the custom as long as I know for the captain to insure for owners, as in this case, giving nine months' notice for boat and owners."

The plaintiffs then offered the note in evidence; it was objected to, admitted and a bill of exceptions sealed.

The plaintiffs rested.

J. S. Adams, defendant, testified: "The first knowledge I had of the note was when sued. I never gave Captain Johnston nor James Collins authority to insure for me; I never authorized Johnston to give this note; I never authorized him at any time to insure for me, and never knew that he had insured."

The following were defendant's points, which were refused:—

1. The plaintiff has not shown any such custom as warrants the jury in finding that Captain Johnston had implied authority to effect insurance and give a note so as to bind the defendant.

2. The evidence in this case of alleged *custom is insufficient to* charge the defendant with a liability to plaintiff upon the note in suit.

3. If the jury find from the evidence that the insurance upon the "Glasgow" was effected and the note in suit given without the knowledge, consent or authority of the defendant, and that he had no knowledge of the same until he was sued in this case, the plaintiff is not entitled to recover.

The court charged:— * * *

"A usage which is to govern a question of right, should be so certain, uniform and notorious, as probably to be known to, and understood by the parties, as entering into their contract. The real question, in this respect, is not whether the defendant actually knew of the custom, if it existed, but was there a custom or usage so common and general as that the defendant probably knew it, and that the parties contracting with him had a right to believe

[Adams. v. Pittsburg Insurance Co.]

and assume that he actually did know it.    That is, was there a custom, and if so, was its extent and notoriety such, as shown by the evidence, as to induce the jury to believe that defendant probably knew it, and which would justify plaintiff in believing that he actually did know of it, at the time he was acting upon it."

The verdict was for the plaintiffs for $807.

The defendant took a writ of error.

He assigned for error the admission of the evidence objected to; and the refusal of defendant's points.

*M. W. Acheson*, for plaintiff in error.—Steamboat owners are not partners: Knox *v.* Campbell, 1 Barr 366; Hopkins *v.* Forsyth, 2 Harris 34.    A part owner cannot charge the others with the premium for insurance unless they assent: Abbott on Shipping 107; Turner *v.* Burrows, 8 Wend. 144.    A local usage must not conflict with the rules of the common law: Coxe *v.* Heisley, 7 Harris 243; Jones *v.* Wagner, 16 P. F. Smith 430.   'A custom must be shown to be ancient, uniform, notorious and reasonable: Cope *v.* Dodd, 1 Harris 33; Dean *v.* Swoop, 2 Binney 72.

*A. M. Brown*, for defendants in error.—A custom so long persisted in as to be known and practised in a community is the law of the particular business: McMasters *v.* Penna. R. R., 19 P. F. Smith 374.    In this state a custom is sufficiently ancient, if it has existed long enough to be generally known: Collins *v.* Hope, 3 W. C. C. R. 149; Snowden *v.* Warden, 3 Rawle 101; Cope *v.* Cordova, 1 Rawle 203; Koons *v.* Miller, 3 W. & S. 271; Gordon *v.* Little, 8 S. & R. 533; Pittsburg *v.* O'Neill, 1 Barr 342. Usage or custom may control or curtail the execution of a contract: 1 Hilliard on Contracts 295; Eyre *v.* Insurance Company, 5 W. & S. 116; Helme *v.* Phila. Life Insurance Co., 11 P. F. Smith 107; Mills *v.* Bank, 11 Wheat. 431; Chickopee *v.* Eager, 9 Met. 583; De Forest *v.* Fulton Insurance Co., 1 Hall. 84.

Mr. Justice GORDON delivered the opinion of the court, November 16th 1874.

The court below permitted the defendant, part owner of the steamboat Glasgow, to be charged with the amount of a premium-note, executed to the plaintiff by the captain, under the direction of another part owner, for the insurance of the boat.    This insurance was made and the note given without the knowledge or consent of the defendant.    It is conceded that under ordinary circumstances this could not be done.    But the plaintiff was permitted to go to the jury on evidence of a custom or usage of the port of Pittsburg, warranting the captain thus to bind the owners of vessels navigating the Ohio and its tributaries.    It is possible that a usage such as this, though derogatory of the rights of such

[Adams *v.* Pittsburg Insurance Co.]

owners, and not required for the advancement of commerce and trade, might be established by proper proof.

But in order to establish such custom, the evidence by which it is proposed to prove it, must be clear, uncontradictory and distinct. Custom is usage so long established and so well known as to have acquired the force of law. It is obvious, therefore, that a custom not only can, but must be so proved as to leave no doubt upon the mind with reference to its nature and character.

Doubt must be wholly eliminated from the evidence adduced, or the usage is not well proved. In view of these principles, we cannot agree that the evidence in this case was such as the court should have submitted to the jury for the purpose proposed. Four witnesses gave their evidence upon this subject. One testifies that the custom is for an owner and the captain to insure for all the owners; the captain signing the premium-note. Another states simply that it was customary for the captain to execute the note, but whether under authority of one or all of the owners he does not say. The third, that it was customary for the captain to insure for the boat and owners, but adds upon cross-examination that he knew of no case where the captain was not directed by *the* owner. The fourth, that it was the custom for the captain to insure for the owners, as in this case. From this testimony it is impossible to say what the custom or usage is, if indeed any such exists. Has the captain power upon his own motion to insure, or does it require the joint action of a part owner and the captain? May he insure the boat when there is but a single owner, or is he confined to cases where there are several joint owners?

These are questions which are legitimately raised from the evidence; and as that evidence does not clearly and definitely answer either of them, the court should not have permitted it to go to the jury.

The judgment is reversed, and a *venire facias de novo* awarded.