## SCHLESINGER v. LENNON.

(Supreme Court, Appellate Term, First Department.   February 13, 1914.)

BAILMENT (§ 23*)—NEGLIGENCE OF BAILEE—RETURN OF GOODS—LIMITATION OF CARRIER'S LIABILITY.

   Where defendant in possession of plaintiff's goods promised to return them, and in order to do so delivered them to an express company, accepting a receipt which limited the carrier's liability to $50 in case of loss, and defendant knew the goods were worth $168, the goods having been lost by the carrier, defendant's act in so shipping them was evidence of actionable negligence.

   [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 107–116;  Dec. Dig. § 23.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Adolph Schlesinger against Sarah Lennon, doing business as James Lennon & Son.   From a Municipal Court judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Jacob Braun, of New York City, for appellant.

Mervyn Wolff, of New York City (A. H. Bauer, of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff alleges that defendant, being in possession of certain of plaintiff's goods which she had promised to return, delivered them to an express company, which failed to deliver the goods to plaintiff;  that defendant, although she knew that the goods were worth some $168, accepted from the express company a receipt which limited its liability to $50 for loss of the goods;  that plaintiff, having sued the express company and learning of the existence of this receipt, accepted $50 in payment of the company's liability and now sues defendant for the balance of his loss, on the ground that defendant as his agent is chargeable with negligence in the manner in which it performed its duties under the agency.   Delivery of goods, known by the holder to be worth $168, to an express company for transportation, and acceptance of a receipt which limits the transportation company's liability to $50, is an act which, to say the least, presents an issue for determination as to possible negligence in the party's conduct, yet the court below rendered "judgment for defendant on the pleadings."

---

There seems to have been some discussion about an "election of remedies," before the judgment was rendered; but, as it is quite apparent that there was no election, and the circumstances do not disclose a case in which that principle is applicable in any way, that consideration cannot sustain the judgment, and respondent does not urge it on this appeal. Her counsel apparently relies on the fact that a previous suit for this same cause of action was terminated by a judgment dismissing the complaint without prejudice to a new action. This previous judgment is not pleaded as a bar to the present action, and, indeed, in view of the form thereof, it could not successfully be so interposed.

There being no ground on which the judgment appealed from can be sustained, it is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.