## Louisville Woolen Mills v. Britt et al., Appellants.

*Bailment—Goods lost in transit—Negligence of bailee—Case for jury.*

A bailee for hire is liable only for ordinary care of goods in his possession.

In an action of assumpsit to recover the value of certain shipments of serge cloth it appeared that the plaintiff sent the goods to the defendant to be dyed. Having received no instructions as to their valuation, the defendant delivered them to the carrier for return, without declaring a special value, thereby relieving the carrier of liability beyond $50. The goods were lost in transit. Under such circumstances, the question of the bailee's negligence in failing to declare the value was for the jury and binding instructions in favor of the plaintiff was error.

Argued October 19, 1926. Appeal No. 84, October T., 1926, by defendants from judgment of C. P. No. 4, Philadelphia County, June T., 1919, No. 5563, in the case of Louisville Woolen Mills v. M. A. Britt and B. T. Britt, trading as Kennedy and Britt. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass for value of goods lost in transit. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

The Court directed a verdict for plaintiff in the sum of $410.   Defendants appealed.

*Errors assigned* were in directing verdict for the plaintiff, refusal of binding instructions for defendant, and refusal of motion for judgment non obstante veredicto.

*James Wilson Bayard,* of *Evans, Bayard and Frick,* for appellants.

*Joseph W. Henderson,* and with him *Francis Rawle,* for appellee.

OPINION BY KELLER, J., April 22, 1927:

On September 9, 1918, the plaintiff, a manufacturer of woolen cloth in the City of Louisville, Ky., wrote to the defendants, who are dyers and finishers of cloth in the City of Philadelphia, enclosing a sample of serge, and asked how soon they could dye two pieces of the cloth to match an enclosed shade, and what the cost would be.   Defendants answered on September 12th that their charge would be fifty cents per yard net and that they could make delivery in about two weeks. On September 17th plaintiff shipped the two pieces (113¾ yards) of serge by American Railway Express and wrote defendants the same day instructions as to how they wanted the goods finished.   No value was placed on the serge by plaintiff in its letter, nor any instructions given as to how much it was to be valued at when returned by defendants.   On October 8th defendants delivered the cloth to the American Railway Express Co., for shipment to plaintiff, and received from it a uniform express receipt, without any special declaration of value, by the terms of which the damages

in case of loss were limited to $50; and notified plaintiff of the shipment. The goods were lost or mislaid by the carrier, and after recovering $50 damages from it, plaintiff brought this action in trespass against the defendants to recover their loss in excess of that sum.

The learned court below gave binding instructions in favor of the plaintiff; suggested to the jury that an estimate of the value of the cloth placed upon the goods by one of the defendants over four months after the shipment, pursuant to a written request of the plaintiff and corresponding to the amount which the latter fixed therein as its claim against the express company, less the $50 paid by the carrier, would be the correct amount of the verdict; and refused to accept a verdict of the jury in favor of the defendants.

We are of opinion that this was error and accordingly sustain the first assignment of error.

In holding defendants responsible, absolutely and at all events, for the delivery of the cloth to the plaintiff, the court below placed on them too heavy a burden. They were not common carriers and were not insurers of the delivery of the cloth to the plaintiff. They were bailees, under a bailment for the benefit of both parties, a *locatio operis faciendi,* and hence were charged with only ordinary care and liable for only ordinary negligence. Had defendants' dye house burned while the plaintiff's cloth was in their custody, and the cloth been destroyed, defendants would not have been bound to insure plaintiff's goods unless they had contracted to do so, nor been liable in damages unless the fire was chargeable to their negligence: Tower v. Grocers Supply & Storage Co., 159 Pa. 106; Crocker-Wheeler Co. v. Chester Steel Castings Co., 73 Pa. Superior Ct. 119. We cannot agree that their failure to declare the correct value of the dyed cloth when making the return shipment to the plaintiff—in view of the fact that plaintiff had not placed any valuation upon it in corresponding with them or requested them to value or

insure the cloth for any amount when returning it—, was such clear evidence of negligence as to justify a directed verdict. It is our judgment that in view of plaintiff's own failure or neglect to inform defendants of the value of the cloth or request a declaration of value when returning it, there was no duty whatever on the defendants to guess at its value, subjecting them to liability if they guessed wrongly. But at the very most their failure to declare a value was only evidence of negligence to be considered by the jury in connection with all the circumstances of the case: Altman *v.* Aronson, 231 Mass. 588, 121 N. E. 505. The defendants selected the very same carrier chosen by plaintiff. They received no notice that any valuation had been placed on the goods by plaintiff when shipping them in the first instance. They were familiar with the practice in vogue among many business men—but not so well and clearly established as to amount to a custom, with the force of law: Adams v. Pittsburgh Ins. Co., 76 Pa. 411—, of *insuring* their shipments; in which case no special value is declared on the shipping receipt. The cost of expressage was payable by plaintiff, and no special authority had been given defendants to declare a higher value and thus make plaintiff liable to pay the increased cost of carriage. Certainly it was not a case for binding instructions against defendants. None of the cases cited by the learned court below and relied upon by the appellee was based on the same state of facts as we have before us. Of the English cases, Buckman v. Levi, 3 Campbell 414, only ruled that a delivery of goods at a wharf without booking them with the carrier, or taking a shipping receipt for them, was not a sufficient delivery to the purchaser of the goods; while in Clarke v. Hutchins, 14 East 475, the action was for goods sold and delivered, and the buyer defended on the ground that the goods had never been delivered to him and that the seller, by not entering them with the carrier at their selling price, had de-

prived him of a remedy over against the latter. The decision of the court, sustaining the non-suit entered on the trial, was based on the plaintiff's failure to deposit the goods in the usual and ordinary way for the purpose of forwarding them to the defendant, by taking the usual and ordinary precaution required, in view of the carrier's general undertaking, to insure them a safe conveyance, that is, by making a special entry of their value. It will be noted that both these cases were actions for goods sold and delivered, and were concerned with the delivery of goods by the seller to the buyer.

Of the American cases, in Castelli v. Jereissati, 80 N. J. Law 295, 78 Atl. 227, the plaintiff, a wholesaler, shipped to defendant, a retailer, a quantity of rugs for sale on consignment, to be insured by the retailer while retained by him, and any rugs not sold to be *shipped back insured, at the expense of the retailer.* The retailer sent back the unsold rugs by carrier selected by himself, without any special declaration of value, but the shipment was never delivered. The Court of Errors and Appeals held that the carrier selected by the retailer was his agent and not that of the wholesaler and that delivery to it was not delivery to the plaintiff, basing its decision largely on the express terms of the memorandum agreement under which the retailer received the goods. In Schlesinger v. Lennon, 145 N. Y. Supp. 929, a bailee of goods, which she knew were of the value of $168, shipped them back to her bailor without any special declaration of value. They were lost and the bailor sued to recover their value. Judgment was given for the defendant on the pleadings. The Appellate Division reversed on the ground that the case presented "an issue for determination as to possible negligence in the party's conduct." In all the cases relied on by the appellee and the court below, the shipper was informed, by the very transaction between the parties, of the precise value of the goods

shipped and was in a position to make an exact declaration of their value.

On the other hand, in Polack v. O'Brien, 100 N. Y. Supp. 385, where the bailment was of precisely the same character as this one, and reshipment was made by the bailee to the same carrier which the plaintiffs had adopted in making the delivery to him, it was held that the carrier was not the agent of the bailee but of the bailor; that in delivering the goods to the carrier the bailee had fulfilled his contract obligation and his liability in respect to the property terminated. "He did not disregard any instructions given by the plaintiffs. Nor did he assume to act on his own responsibility in selecting a method of reconveying the property to the plaintiffs. He used the same instrumentalities which the plaintiffs had used for the purpose of transportation. He selected *their* common carriers." To the same effect, see Waldman v. Klein, 140 N. Y. Supp. 90.

Coming then to the estimate of value placed by defendants on the goods over four months after their shipment by them, we are of opinion that, in the circumstances here present, it does not amount to a conclusive presumption that defendants knew at the time of shipment that the goods were of the value of $4 per yard, and were bound to declare them as of that value. The estimate was made in response to a request of the plaintiff for assistance in making claim against the express company, which stated the plaintiff's own valuation to be $4 per yard. The estimate may have been a mere acceptance of plaintiff's figures or it may have been based on an examination of prices following plaintiff's request for aid. It is not, of itself, conclusive that defendants had at the time of shipment any accurate or precise knowledge of their value, and in the absence of it, or definite instructions from the plaintiff, they were not obliged at their peril to guess at it.

On the other hand, in view of the defendants' letter

abovementioned, we cannot agree that there was no evidence of negligence to submit to the jury. In Altman v. Aronson, 231 Mass. 588, 121 N. E. 505, the plaintiff shipped the defendants seven pieces of silk which on examination the latter found were not according to sample and reshipped them to plaintiff. They were lost by the express company. There was evidence that the defendants, or one of their employees, stated to the express company that the value of the goods was under $50, though in truth their value was much greater. Held that defendants were liable only as gratuitous bailees for gross negligence, but that it was for the jury to decide from all the evidence in the case whether they were guilty of such negligence or want of good faith as to justify a recovery. See also Schlesinger v. Lennon, supra.

The judgment is reversed and a venire facias de novo awarded.