## STAFFORD & BROTHER

*v.*

## WALTER & SKELTON.

1. SALE—*when delivery to carrier is a delivery to purchaser so as to complete sale.* Where parties in this State sent an order on parties in Ohio for twenty barrels of apples, to be shipped to them by rail immediately, and the railroad company refused to receive and transport them without a release, by the shipper, of liability for the loss or damage that might accrue to the apples during transit, and their guaranty of freights, which they gave, and the apples never reached their destination, it was *held*, in a suit by the shippers against the purchasers, that the delivery of the apples to the carrier was a delivery to the purchasers, and that they were liable for the price.

2. CARRIER—*party to suit against.* Where the shipper of goods guarantees the payment of the freight, and makes a special agreement for their carriage, an action may be brought for non-delivery to the consignee, either by the consignor with whom the express agreement was made, or by the consignee as the owner of the goods on whose behalf it was made.

APPEAL from the Circuit Court of Macon county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

Mr. I. L. BUCKINGHAM, for the appellants.

Messrs. SMITH & STERRETT, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action, brought by appellees, to recover the price of twenty barrels of apples purchased of them by appellants about the last of November, 1868, at $3.25 per barrel. The appellees, at the time, resided at Orville, Ohio, and the appellants at Decatur, Illinois. Appellants ordered the apples to be delivered on the railroad at Orville.

It appeared that appellees shipped the apples at Orville, Ohio, on the 4th of December, 1868, to Stafford & Bro., the appellants, Decatur, Illinois, and that the appellees released the railroad company from liability for any loss or damage that might accrue to the apples while in transit, and guaranteed the freight, which they subsequently, on the 17th of March, 1869, paid. The apples never came to hand.

Appellees recovered a judgment for $65.

The only question made here is upon the legal effect of appellees' release and guaranty of the freight, appellants insisting that on account thereof, they are not liable.

They claim that, in this respect, there was a failure to comply with the rule of law which requires that the vendor, in delivering goods to a carrier, must exercise due care and diligence, so as to provide the consignee with a remedy over against the carrier, in order to give to a delivery to a carrier the effect of a delivery to the vendee. *Bachman* v. *Levi*, 3 Campb. 414; *Clarke* v. *Hutchings*, 14 East, 475; *Ward* v. *Taylor*, 56 Ill. 494.

It was in proof that the railway company would not receive the property without the execution of the release.

The order of appellants was, to send the apples by railroad, and to send them immediately. The order included the usual and appropriate means to accomplish the end. If the railway company would not receive the apples for transportation except upon the condition of executing such a release, then the giving of the same was but a necessary and proper act to be done in order to send the apples by the railroad; and there

would be an implied authority to do such act, resulting from the direction to send the property in that way.

It would seem, then, that what was done in this respect was no more than a fair compliance with appellants' order to send by railroad, and of which they can not be admitted to complain.

The release itself is not before us, and we can not see its exact terms; but from all that appears, we can not intend it to have been any thing more than an exemption of the company from liability by reason of the deterioration from natural causes, which the apples, as perishable property, might, at that season of the year, undergo while in the due course of transportation. We do not suppose it to extend to a case like the present, a loss by the entire non-delivery of the apples, or the barrels, even, which contained them. It does not appear, then, but what the appellants have a remedy against the railway company, or that they have been deprived of any remedy by the act of appellees.

It is further urged that the appellants have no remedy over against the carrier, because the appellees guaranteed the freight, and made a special agreement for the carriage of the goods in question, and authority is cited to the effect, that in case of such special agreement, the remedy for any breach of contract belongs to the party with whom such agreement is made. But we do not understand the rule to be that the remedy is exclusively in such party. The rule is thus laid down in Angell on Carriers, § 500 : "Where a special agreement is shown to exist between the consignor and the carrier, that the former is to pay for the conveyance of the goods, it is no answer to an action brought by the consignor against the carrier upon such special agreement, to say that he is not the owner of the goods. In such case, the action may be brought either by the consignor with whom the express engagement was made, or by the consignee as the owner of the goods in whose behalf it was made." Story on Sales, § 306 and note.

Our conclusion, then, is, that neither the giving of the release in question, nor the guaranty and payment of the freight, detracted from the effect of the delivery to the carrier as amounting to a delivery to the purchasers; that the delivery of the apples to the railway company operated as a delivery to the purchasers, so as to place the property at their risk; and that they are liable for the payment of the purchase price, although the property was lost in the course of the conveyance.

The judgment is affirmed.

*Judgment affirmed.*