CHARLES E. MILLER, Appellant, v. GEORGE HARVEY,
Respondent.

Sale — vendor and vendee — loss of goods shipped by express —
failure of vendor to state value of goods — when vendor cannot
compel buyer to pay for goods shipped to take place of goods
lost.

Where a vendor shipped by express to the buyer goods of the
value of more than fifty dollars, which were paid for in advance,
without declaring their value, thus relieving the express company
from liability for more than that amount and the goods were lost in
transit and a duplicate shipment was made to the buyer, the latter
cannot be compelled to pay again. The general rule is that delivery
to a carrier is delivery to the buyer, but the rule has its exceptions,
one of which is applicable to this case. The seller must not sacri-
fice the buyer's right to claim indemnity from the carrier. (Personal
Property Law, § 127; Cons. Laws, ch. 41, amd. L. 1911. ch. 571 '
*Miller* v. *Harvey*, 165 App. Div. 909, affirmed.

(Argued May 10, 1917; decided May 22, 1917.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered November 20, 1914, which affirmed
a determination of the Appellate Term reversing a judg-
ment of the Municipal Court of the city of New York
in favor of plaintiff and directing a dismissal of the
complaint.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*William F. Goldbeck* and *Herman Goldman* for appel-
lant. When a buyer requests the seller to ship goods
and does not instruct him as to the means and terms of
shipment, he thereby authorizes the seller to ship under
a limited liability contract. (*Nelson* v. *H. R. R. R. Co.*,
48 N. Y. 498; *Shelton* v. *M. D. Transp. Co.*, 59 N. Y.
258; *Root* v. *N. Y. & N. E. R. R. Co.*, 76 Hun, 23;
*Waldron* v. *Fargo*, 170 N. Y. 130; *Jones* v. *N. Y., L. E.*

& *W. R. R. Co.*, 3 App. Div. 341; *Isaacson* v. *N. Y. C. & H. R. R. R. Co.*, 94 N. Y. 278; *McElvain* v. *St. L. & San F. R. R. Co.*, 151 Mo. App. 126.) Section 127 of the act does not in terms or by implication require a seller of goods to declare their full value upon shipping them. (*Krulder* v. *Ellison*, 47 N. Y. 37; *Mee* v. *McNider*, 109 N. Y. 500; *Schanz* v. *Bramwell*, 143 N. Y. Supp. 1057.) The shipping contract made by plaintiff was, under the circumstances of the case, reasonable. (*Zimmer* v. *N. Y. C. & H. R. R. R. Co.*, 137 N. Y. 460; *Boyle* v. *Bush Terminal Co.*, 210 N. Y. 389.)

*Alexander S. Andrews* and *John Larkin* for respondent. There was no delivery to the defendant of the tires and tubes sent July 17, 1912. (*Mills* v. *Weir*, 82 App. Div. 396; *Bernstein* v. *Weir*, 40 Misc. Rep. 635; *Adams Express Co.* v. *Croninger*, 226 U. S. 491; *Kansas, etc., R. R. Co.* v. *Carl*, 227 U. S. 639; *M., K. & T. Ry. Co.* v. *Harriman*, 227 U. S. 657; *Pierce Co.* v. *Wells Fargo Co.*, 236 U. S. 278; Pers. Prop. Law, § 127, subd. 2; 2 Mechem on Sales, § 1183; Burdick on Sales [1897], 158, 159; Benjamin on Sales, § 694; *Reid* v. *Fargo*, 241 U. S. 544; *Clarke* v. *Hutchins*, 14 East, 475; *Buckman* v. *Levy*, 3 Camp. 414; *Cathay* v. *Tute*, 3 Camp. 129; *Stafford* v. *Walter*, 67 Ill. 83; *Ward* v. *Taylor*, 56 Ill. 494; *Gordon* v. *Ward*, 16 Mich. 360; *Butterworth* v. *Cathcart*, 52 So. Rep. 896; *Lewis* v. *Imhof*, 138 Mo. App. 370.)

CARDOZO, J. The plaintiff sold to the defendant in the city of New York automobile tires which were to be sent by express to Allenhurst, New Jersey. The price, $95.43, was paid by the defendant in advance. The seller intrusted the tires to an express company without declaring their value. The waybill states that the value was asked and not given. By the contract of carriage the liability of the carrier was limited to $50, unless a greater value was " declared and paid for or agreed to be paid for

at the time of shipment." The tires were lost in transit. The defendant notified the plaintiff of the loss and requested a duplicate shipment, which was made. The question to be determined is whether payment must be made again.

The general rule is that delivery to a carrier is delivery to the buyer (Sales of Goods Act, § 127, subd. 1, Pers. Prop. Law, as amended by L. 1911, ch. 571; Cons. Laws, ch. 41). But the rule has its exceptions (Sales of Goods Act, § 100, subd. 5; § 127, subds. 2 and 3). Only one of them will be considered. By section 127, subd. 2, of the Sales of Goods Act it is provided:

" Unless otherwise authorized by the buyer, the seller must make such contract with the carrier on behalf of the buyer as may be reasonable, having regard to the nature of the goods and the other circumstances of the case. If the seller omit so to do, and the goods are lost or damaged in course of transit, the buyer may decline to treat the delivery to the carrier as a delivery to himself, or may hold the seller responsible in damages."

The statute is declaratory of the rule at common law. The seller must not sacrifice the buyer's right to claim indemnity from the carrier. That rule was declared more than a century ago in *Clarke* v. *Hutchins* (14 East, 475). In that case the carrier gave notice that it would not be answerable for any packages above £5 without special entry of value. The seller omitted the entry and was held to have assumed the risk. A more modern instance is a recent decision of the Supreme Court of the United States (*Reid* v. *Fargo*, 241 U. S. 544). An agent delivered an automobile to a carrier and accepted a bill of lading by which liability was limited to $100. The acceptance of such a limitation was held to be a breach of duty. There are other cases of like tenor (*Buckman* v. *Levi*, 3 Camp. 414; *Stafford & Bro.* v. *Walter & Skelton*, 67 Ill. 83; *Lewis* v. *Imhof*, 138 Mo. App. 370; *Gordon* v. *Ward*, 16 Mich. 360). To the same effect are

the leading text books (Williston on Sales, §§ 278, 595; Benjamin on Sales [5th ed.], p. 739; 2 Mechem on Sales, 1183; Burdick on Sales, § 694).

Tested by these principles, the plaintiff's case must fail. He limited the carrier's liability to $50. He sacrificed the defendant's right of indemnity to the extent of almost one-half of the value of the shipment. He did this when full indemnity could have been procured by an additional payment of ten cents. That was not a reasonable protection of the interests of his principal. The plaintiff's argument, if sound, would require us to hold that the acceptance of a like limitation would be reasonable if the value had been $1,000. Precedent and reason forbid that conclusion. The seller who puts the buyer at the mercy of the carrier must procure the buyer's approval or assume the risk himself.

Cases such as *Nelson* v. *Hudson River R. R. Co.* (48 N. Y. 498), *Shelton* v. *Merchants' Dispatch Transp. Co.* (59 N. Y. 258), and *Waldron* v. *Fargo* (170 N. Y. 130), cited by the plaintiff, are beside the mark. They deal with controversies between the owner and the carrier. They hold that the principal is not at liberty to repudiate as against the carrier the terms accepted by the agent. They have no bearing upon the measure of diligence owing from the agent to the principal (*Reid* v. *Fargo*, *supra*). It is significant that whenever the plaintiff made shipments C. O. D., he declared the value to the carrier. His duty was to safeguard the defendant's interests as sedulously as his own.

The judgment should be affirmed with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment affirmed.