GERALD L. SAUNDERS *vs.* J. W. PRATT.

Oxford.    Opinion May 19, 1922.

*For delivery to the carrier to constitute delivery to the vendee, "The seller must not sacrifice the buyer's right to claim indemnity from the carrier," unless conditions of delivery by seller to carrier are in accordance with instructions from vendee to seller.*

It does not appear that the verdict of the jury was manifestly wrong on any of the facts submitted for their determination in arriving at their verdict.

An action of assumpsit to recover for some apples, alleged to have been sold and delivered to defendant, and for commissions in purchasing some apples for defendant. A verdict in favor of plaintiff was returned by a jury on both items, and defendant filed a general motion for a new trial. Motion overruled.

The case is stated in the opinion.

*Tascus Atwood,* for plaintiff.

*Frank W. Butler,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J.   An action of assumpsit to recover the value of forty barrels of apples, alleged to have been sold and delivered to the defendant, and for commissions earned by the plaintiff in purchasing one hundred and thirty-nine barrels of apples for the defendant. The jury found for the plaintiff on both items for the amount claimed in the writ, and the case comes before this court on a motion for a new trial on the usual grounds.

The claim for commissions depended upon the interpretation of certain letters and a conversation over the telephone testified to by the plaintiff. In the final analysis it involved a question of fact for the jury, under proper instructions by the court, which we must assume were given, as no exceptions were taken.

The objection is also made that the item for commissions included commission upon the apples which the plaintiff himself sold to the defendant and which if not raised by himself were not purchased by him for the defendant under their agreement. Upon the evidence the jury was warranted in finding that the agreement between the parties was that the apples should not cost the defendant more than one dollar and fifty cents per barrel, including commissions, delivered on the cars. Under their agreement the plaintiff might properly recover one dollar and fifty cents per barrel for such apples as were included in the shipment, which belonged to himself, viz.: forty barrels; and though he improperly claimed in his writ commission of ten cents per barrel on his own apples, since he only claimed to recover one dollar and forty cents per barrel for the apples themselves the verdict was for no more than he was entitled to recover, and the defendant was not aggrieved thereby.

As to the item for forty barrels of apples sold and delivered, the defense was that they were never delivered to the defendant as he refused to receive them, they arriving at their destination in a frozen condition. The question also was raised that some of them were not up to the specifications as to size.

To avoid the effect of the delivery to the carrier,—they being shipped by rail in accordance with the instructions of the defendant,—constituting a delivery to the defendant, the defendant relies upon the fact that they were, with the consent of the plaintiff, shipped "at the owner's risk," which deprived the defendant of a claim against the carrier in case they were damaged in transit. The defendant contending that delivery to a carrier does not amount to a delivery to the vendee where the seller does anything without the authority of the vendee to deprive the vendee of a claim against the carrier in case the goods are damaged in transit.

This rule seems to have been first laid down in *Clark* v. *Hutchins*, 14 East 475, and the American decisions recognizing the rule may be found in 23 R. C. L., 1429, L. R. A., 1917, F. 561. As stated by the court in *Miller* v. *Harvey*, 221 N. Y., 54. For delivery to the carrier to constitute delivery to the vendee, "The seller must not sacrifice the buyer's right to claim indemnity from the carrier."

In the case at bar, however, there was evidence from which the jury could have fairly found that the defendant instructed the plaintiff to ship the apples in a refrigerator car, which he did. At the

time of year in which the shipment took place the railroad would not accept shipment of fruit in refrigerator cars except at the "owner's risk." As to whether the shipment upon these conditions was, under all the circumstances, a reasonable compliance with the directions of the defendant was, we think, a question of fact for the jury, as was also the question of whether any of them failed to conform to the specifications as to size.

A review of the evidence does not satisfy this court that the verdict of the jury was manifestly wrong upon either item.

*Motion overruled.*