LAURENO LOPEZ, Appellant, *v.* HENRY ISAACS, INC., Respondent.

Sales — action to recover back. amount of draft paid covering purchase price of goods — passing of title — goods were shipped with those of third person contrary to contract — value of goods was not stated in bill of lading — goods were lost in transit after draft was paid — title did not pass at point of shipment — Personal Property Law, § 127, subd. 2, applied — plaintiff did not waive rights by agreeing to shipment of goods with those of third person — appeal — raising question below — effect of failure to state value in bill of lading was raised by plaintiff's motion for judgment at close of case — only question of law presented.

In an action by a buyer to recover back the amount of a draft drawn on him by the seller and paid before the goods were received, the buyer is entitled to recover on the theory that the title to the goods, which were lost in transit, did not pass to him at the point of shipment, where it appears that the goods were

shipped by inclosing them in a larger package of other goods shipped to a third person, which was contrary to the contract; that the buyer was notified of this method of shipment and thereafter paid the draft drawn by the seller; and that the seller did not declare the value of the goods in the bill of lading.

Title to the goods did not pass, since the seller did not put it out of his power to stop the goods before delivery, and for the further reason that the seller did not declare the value of the goods in the bill of lading, thereby protecting the buyer in case of loss in transit. The value not having been declared, the buyer had the right under subdivision 2 of section 127 of the Personal Property Law to decline to treat the delivery to the carrier as a delivery to himself.

The buyer did not waive any rights which he had under the statute by acquiescing in the manner of shipment, since at that time he was ignorant that the seller had failed to declare the value of the goods in the bill of lading.

The question as to the effect of the failure to declare the value of the goods and the buyer's rights arising out of such failure may be considered by the Appellate Division on appeal, although the point was not distinctly raised at the trial and no specific reference was made to subdivision 2 of section 127 of the Personal Property Law, for the application of that subdivision can fairly be deemed to have been invoked by the plaintiff's motion for judgment at the close of the case, which was made upon the ground that there had been no proof of delivery of the goods to him, and said question may be considered for the further reason that only a question of law is presented from the undisputed facts.

Merrell, J., dissents, with opinion.

Appeal by the plaintiff, Laureno Lopez, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 17th day of December, 1923, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the defendant.

*Steinberg & Levin* [*Louis H. Levin* of counsel; *Joseph Steinberg* with him on the brief], for the appellant.

*Eppstein & Axman* [*Laurence H. Axman* of counsel], for the respondent.

Finch, J.:

It appears that the plaintiff ordered certain goods of the defendant, to be shipped to him at Havana, Cuba, from New York. Instead of shipping goods to the plaintiff as required by the contract, the defendant shipped the same by inclosing them in a larger package of other goods shipped to a third party and notified the plaintiff accordingly, requesting him to claim the goods from such third party, at the same time drawing on plaintiff for the price of the goods, which draft the plaintiff paid. The goods were lost in transit and the plaintiff brought this action to recover the amount paid to the defendant. It is the defendant's contention that the title to the goods passed to the plaintiff and that he must bear the loss. This contention the trial court and Appellate Term

have sustained, upon the ground that the unauthorized manner of shipment was ratified by the plaintiff, hence this appeal.

It is clear that title to the goods did not pass to the plaintiff when the goods were shipped. By thus sending the goods to a third party the defendant did not prevent itself from subsequently stopping the delivery of the goods to the extent that it would have done if delivered to a common carrier consigned to the plaintiff. It at least is questionable whether the letter in which the plaintiff subsequently acquiesced in the shipment as made was intended to or did in itself vest in the plaintiff the title to the goods which then was vested in the defendant, but the decision need not rest on this ground, for it further appears that the defendant failed to declare any value for the goods, the price of which was $752.01, and which were shipped with the other merchandise in one case, the total value of which exceeded $3,000, although the bill of lading under which the merchandise was shipped contained a provision limiting the carrier's liability to $100 unless a higher value be declared. Section 127, subdivision 2, of the Personal Property Law (as added by Laws of 1911, chap. 571) specifically provides a remedy to protect a buyer against such negligence on the part of a seller, in the event of loss or damage in transit, namely, that the buyer may decline to treat the delivery to the carrier as a delivery to himself. In *Miller* v. *Harvey* (221 N. Y. 54), which was an action brought to recover the price of goods of the value of $95 shipped to the defendant under a contract of carriage whereby the liability of the carrier was limited to $50 unless a greater value was declared at the time of shipment, Judge CARDOZO (at p. 57 said): " Tested by these principles, the plaintiff's case must fail. He limited the carrier's liability to $50. He sacrificed the defendant's right of indemnity to the extent of almost one-half of the value of the shipment. He did this when full indemnity could have been procured by an additional payment of ten cents. This was not a reasonable protection of the interests of his principal. * * * The seller who puts the buyer at the mercy of the carrier must procure the buyer's approval or assume the risk himself."

The foregoing facts concerning the failure to declare the value of the goods shipped appear from the original shipping receipt, which was introduced in evidence by the defendant upon the trial, and it fairly appears that the plaintiff had no knowledge of said omission on the part of the defendant at the time he acquiesced in the shipment of the goods to a third party instead of direct to him. There could not, therefore, when the plaintiff was wholly ignorant of the defendant's negligence, have been any waiver of his rights in this respect. It is contended by the respondent,

however, that this point should not now be considered, inasmuch as it was not raised upon the trial. As before stated, the fact that there was no declaration of value, notwithstanding the aforesaid limitation of the carrier's liability, appears from the bill of lading introduced in evidence by the defendant itself, who, therefore, is bound by what appears upon the face thereof. As was said in *Burke* v. *Erie R. R. Co.* (134 App. Div. 413, 419): " Moreover, the plaintiff having offered the shipping order in evidence was bound by its terms, and defendant was entitled to the benefit thereof."

It is not now claimed by the respondent that the facts are otherwise than as shown by the shipping receipt. There was thus no issue of fact upon this point presented at the trial, but solely a question of law as to the plaintiff's rights under the law. While the specific section of the Personal Property Law was not referred to upon the trial, nevertheless its application can fairly be deemed to have been invoked by plaintiff's motion for judgment at the close of the case upon the ground that there had been no proof of delivery to him. It also is alleged by the appellant without contradiction that this question was presented to the trial court in the briefs upon the motion for judgment, and to the Appellate Term. In any event, since it cannot be controverted that only a question of law exists from the undisputed facts, this court may and should consider the same.

Having reached this conclusion it does no harm to note, as showing the practical construction put by the defendant upon the question of ownership of the goods in question, that the defendant brought an action against the carrier through whom the goods were shipped, in which it sought to recover as owner the value of said goods.

It follows that the determination of the Appellate Term and judgment of the Municipal Court should be reversed and judgment directed for the plaintiff, with costs in all courts.

CLARKE, P. J., SMITH and MARTIN, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting):

The action was brought by the plaintiff to recover the sum of $752.01 which the plaintiff alleged he paid as the purchase price for two pieces of woolen serge which the defendant agreed to sell and deliver to the plaintiff, but which the plaintiff alleges he never received. The order for the merchandise in suit was in writing and was signed on the 18th day of April, 1920. The order provided for the shipment of the goods to the plaintiff at Havana, Cuba, by way of freight. Thereafter and on May 21, 1920, the defendant wrote the plaintiff as follows:

" *May* 21st, 1920.

" Mr. LAURENO LOPEZ,
            " San Rafael 36
                  " Havana, Cuba:

" GENTLEMEN.— Herein please find invoice #9378 and shipping notice #9864 for two (2) pieces Woolen Serges, packed in Case #1 of Messrs. Trecha Hermanos & Co., and consigned to them in order to economize on expenses of shipment, amounting to your debit to.....................$752.01 and which kindly claim from above mentioned friends, paying them your proportion of expenses incurred at your end.

" For value of above mentioned amount of $752.01 we have taken the liberty of drawing on you our draft #381 at 60 days date, which kindly honor on presentation for payment at corresponding due date.

                  " Very truly yours,
                        " HENRY ISAACS, INC.
                              (Signed)
" SLM:AJI                                    *Treas.*"

It will be seen by the above-quoted communication that shipment of the goods in question was not in fact made directly to the plaintiff, but was made for economy through Messrs. Trecha Hermanos & Co. and the plaintiff was merely called upon to pay his proportion of the freight, consular fees, insurance, etc., covering the two pieces of goods sold to him. In response to the defendant's letter, above quoted, the plaintiff replied as follows:

" Messrs. HENRY ISAACS, INC.,
            " 222 Fourth Avenue
                  " New York:

" DEAR SIRS.— We have recently been favored with your letter of the 21st May accompanied by Invoice #9378 and in accordance therewith have passed to the credit of your account, which has been opened to that effect the sum of $752.01 value thereof.

" We have taken due note of the other particulars in yours under reply and as soon as your draft has been presented to us by Bank, same will be duly accepted and paid for at due date. Up to date we have received no advices regarding the arrival of the two pieces of Woolen Serge and hope that Messrs. Trecha Hermanos & Co. will take care to advise as soon as they have been dispatched.

" Pending your advices
" We remain,
            " Very truly yours,
                  " Signed:      LAURENO LOPEZ, S. en C.
                  " Per.                    OSCAR LOPEZ."

In some manner the merchandise in suit was lost or stolen in transit and never actually reached the plaintiff. The defendant, however, contends and the trial court held that delivery of the goods was made by the defendant by delivery thereof to the common carrier consigned to Messrs. Trecha Hermanos & Co. in the manner stated, and that by plaintiff's letter in reply to that of the defendant dated May 21, 1920, the plaintiff waived shipment in strict conformity to the terms of the original contract and ratified the shipment of the goods consigned to Messrs. Trecha Hermanos & Co., and paid the purchase price thereof, together with the freight, insurance and consular charges thereon.

Upon this appeal for the first time the appellant raises the point that title to the merchandise did not pass by delivery to the common carrier because the respondent did not adequately protect the interest of the appellant as shippee of the goods. Upon this proposition the appellant relies upon the authority of *Miller* v. *Harvey* (221 N. Y. 54) holding that title did not pass to the plaintiff because of defendant's failure to make a reasonable contract on his behalf with the carrier. Had this point been raised upon the trial it perhaps would have enabled a recovery on the part of the plaintiff, but no such point was raised and an appellate court will not consider upon appeal questions raised for the first time here. (2 R. C. L. 69, § 52; *Clarkson Home* v. *Missouri, K. & T. R. Co.*, 182 N. Y. 47.) It is rather difficult to see how the defendant could have declared value upon the goods purchased by plaintiff which, to save plaintiff expense of carriage, the defendant included in a larger shipment to another customer. The goods were not billed to the plaintiff, and the defendant, therefore, could not possibly have declared value thereon. The plaintiff must have understood from defendant's letter that the goods were sent in the shipping cases containing goods shipped to Trecha Hermanos & Co., and, therefore, that no declaration of value of plaintiff's goods was possible. The plaintiff was fully informed as to the manner of shipment and acquiesced therein and by his letter to the defendant ratified such shipment. I cannot agree with the statement in the prevailing opinion that the plaintiff "was wholly ignorant of the defendant's negligence." Plaintiff fully understood the manner in which the goods were sent, acquiesced in and ratified the same, fully understanding that no declaration of value had been made. I am also unable to agree with the statement in the prevailing opinion that it appeared upon the trial that there was no declaration of value of the goods shipped to Messrs. Trecha Hermanos & Co. The bill of lading introduced in evidence is silent upon that subject. It is quite possible that had the question

been suggested at the trial, proof might have been given that such declaration was, in fact, made. Furthermore, the point was not raised, either by the pleadings or upon the trial. The record does not bear out the statement in the prevailing opinion that the question was presented to the trial court in briefs of counsel upon motion for judgment, and to the Appellate Term.

At the trial of the case the defendant, respondent, was present in court by its officers, and the United Fruit Company, the carrier through whom shipment was made, was also present, by its representative in court. No question was asked and no evidence submitted upon the subject of adequate protection of the interest of the appellant as shippee. If the respondent was derelict in failing to properly protect the rights of the shippee in billing the goods, such dereliction should have been affirmatively alleged and shown by the appellant in order to show that title did not pass upon delivery of goods to the carrier. Under section 127 of the Personal Property Law (as added by Laws of 1911, chap. 571) where a seller, pursuant to a contract to sell or a sale is authorized or required to send goods to a buyer, delivery of the goods to a carrier for the purpose of transmission to the buyer is deemed a delivery of the goods to the buyer. Title to the goods in suit passed by such delivery to the carrier and the goods being lost in transit the damage falls upon the vendee. (*Mee* v. *McNider*, 109 N. Y. 500, 502; *White* v. *Schweitzer*, 147 App. Div. 544, 546.) The shipment of the goods in suit was clearly ratified by the plaintiff. Had the plaintiff objected to the consignment of the goods to Trecha Hermanos & Co. instead of directly to himself upon receipt of defendant's letter of May 21, 1920, he should have refused to accept the goods thus shipped. On the contrary, he ratified such change in consignment of the goods, paying the purchase price thereof with the added charges for freight, insurance and consular charges. The contract nowhere provided that delivery of the goods was to be made to the plaintiff at Havana. The original arrangement was that the shipment would be to the buyer by way of freight. The buyer was to pay the freight.

I think the judgment of the Municipal Court was right and the same and the affirmance thereof by the Appellate Term should be affirmed, with costs.

Determination appealed from and judgment of the Municipal Court reversed and judgment directed for the plaintiff, with costs in all courts.