## THOMAS L. LEEDOM CO. v. ROSSER-CASEBEER FURNITURE CO.

No. 14901—Opinion Filed Jan. 6, 1925.

1. Carriers — Limited Liability — Loss of Merchandise—Liability of Seller.

Where A. orders goods from B to be shipped by freight and paid for upon delivery, and B. in consigning the same to the carrier enters into a contract of carriage limiting the carrier's liability in case of loss to less than the price A. was to pay for the goods and without the knowledge or consent of A. and the goods are lost in tranit, the loss must fall upon B.

2. Same—Limited Liability Contract—Consideration.

A shipper's contract consigning goods to the carrier for the consignee, which fixes the value of the goods at less than the price to be paid by the consignee, is presumed to be supported by a valuable consideration and the burden of showing the contrary is upon the one seeking to invalidate or avoid the contract.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Thomas L. Leedom Company, a corporation, against Rosser-Casebeer Furniture Company, a corporation, for carpets bought to be shipped by freight. Judgment for defendant, and plaintiff brings error. Affirmed.

Owen, Yancey & Fist, for plaintiff in error.

Biddison & Ladner, for defendant in error.

Opinion by THREADGILL, C. The plaintiff in error, as plaintiff, brought suit in the district court of Tulsa county, against the defendant in error, as defendant, for six rolls of carpets valued at $1,238.21. The order for the carpets was dated 2-5-20, and was for 302 yards, and was given to the traveling salesman of plaintiff and was in the usual form. The shipment as directed was "soon as you can. Fgt. best. Terms 4% 10—605." The order was filled by plaintiff consigning the carpets to the railroad company, in six rolls, on May 29, 1920. The bill of lading was issued giving the weight as 600 lbs., and contained the following statement:

"The value of the rugs herein described is hereby agreed upon as $125 per 100 lbs."

The rolls of carpet were never received by the defendant at Tulsa, and it refused to pay the bill. The plaintiff brought this suit on August 22, 1921, to enforce collection.

The defendant answered the petition by general denial, and, further answering, admitted giving the order for the goods, and pleading the bar of 6 months limitation under the Interstate Commerce Law, being the time from date of shipment to the time

defendant was notified of the shipment, and further pleading that the goods were consigned and released to the railway company at a greatly reduced value than the price defendant was to pay for the same, the value for shipment being $125 per 100 lbs., the same being done without the knowledge or consent of the defendant, and, pleading further, the plaintiff waived its claim against the defendant by attempting to recover the goods from the railway company after the date when the same were shipped.

Plaintiff's reply was a general denial. The cause was tried to a jury, and after plaintiff introduced its evidence and rested, the defendant interposed a demurrer to the same, which was sustained by the court and judgment rendered in favor of the defendant, and the cause was brought here for review on five assignments of error.

"1. The court erred in overruling a motion of the plaintiff for a new trial. 2. The said court erred in sustaining a demurrer to the evidence introduced by the plaintiff in error. 3. The court erred in rendering judgment for the defendant in error. 4. The court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error. 5. The court erred in discharging the jury against objections of the plaintiff in error."

The question to be decided is whether or not the court committed error in sustaining the demurrer of the defendant to the evidence. The determination of this question turns upon whether or not the act of plaintiff in releasing the goods to the carrier and valuing them at $125 per hundredweight in the contract of carriage, being much less than the true value, and without the knowledge or consent of defendant, was a legal delivery of the goods. It seems this is the first time this question has come before this court, and there are not many authorities on the point from other courts. A case very similar to the one before us is Charles E. Miller v. George Harvey, decided by the New York court in 1917, reported in 221 N. Y. 54, 116 N. E. 781, and L. R. A. 1917-F. 559. In this case plaintiff brought suit against the defendant for automobile tires, which were to be shipped by express, the price, $95.43, was paid by defendant in advance. The seller intrusted the tires to the express company without declaring their value; the way bill stated that the value was asked and not given; by the contract of carriage the liability of the carrier was limited to $50. unless a greater value was declared and paid for or agreed to be paid for at the time of the shipment; the tires were lost in transit. The defend-

ant notfied the plaintiff of the loss and requested a duplicate shipment, which was made. Plaintiff demanded payment for the duplicate shipment and defendant refused payment on the ground that the first shipment was not properly delivered to him, and suit was brought and the court held that the plaintiff could not recover. After quoting the few authorities extant furnishing the principles for the court's ruling the following language was used:

"Tested by these principles, the plaintiff's case must fail. He limited the carrier's liability to $50. He sacrificed the defendant's right of indemnity to the extent of almost one half of the value of the shipment. He did this when full indemnity could have been procured by an additional payment of ten cents. That was not a reasonable protection of the interests of his principal. The plaintiff's argument, if sound, would require us to hold that the acceptance of a like limitation would be reasonable if the value had been $1,000. Precedent and reason forbid that conclusion. The seller who puts the buyer at the mercy of the carrier must procure the buyer's approval, or assume the risk himself."

It may be contended that this case differs from the one we have before us in the matter of consideration for the shipping contract. In the Miller Case, supra, a less rate was paid where no value was stated by the shipper and the contract provided for the minimum rate. whereas if the shipper had asked for a higher valuation than the one stated as a minimum he would have paid the higher rate. In the case before us the plaintiff claims that the rate for carriage was the same under the valuation fixed at $125 per hundredweight as in case the value had been given at the price of the goods the defendant was to pay. We do not find any issue of this character in the pleadings and the testimony offered by the plaintiff on this issue and objected to by the defendant should not have been introduced, since under the issues, as made up by the pleadings, this testimony was incompetent, and should have been ruled out by the court. With the testimony eliminated as to the $125 per hundredweight of the goods being placed in the contract by mistake, and the testimony of the railroad's agent, that the reduced value did not affect the freight rate or relieve the railroad company from liability for the full value, all of which was incompetent, and we have the contract, with the plain provision in it, reducing the value of the goods, and the presumption is that the contract is supported by a consideration, section 5027. Comp. Stat. 1921, and the burden of proof was upon the plaintiff to show want of con-

sideration for this part of the contract, section 5028, Comp. Stat. 1921. But in order to be in a position to prove a lack of consideration the issue must be raised by the pleadings, therefore, for the purpose of our comparison of the contract of carriage in the Miller Case, supra, with the contract in the instant case they are the same. and the reasons given in that case that the interests of the consignee had not been protected and that the shipper had waived indemnity by the carrier to the consignee, that this was in derogation of the rights of the consignee, and enables him to decline to treat the delivery to the carrier as delivery to himself, · is applicable to the instant case and approved by this court.

We, therefore, recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc p. 198; (2) 10 C. J. p. 153.