GILLEN, J. (Putnam, C. J., and Carr, J.)
This is an action of contract in which the plaintiff seeks to recover the sum of $1800. for the loss of a Kerman rug which was shipped on May 26, 1939, by the plaintiff from his place of business in New York City to the defendant in Boston via a common carrier known as Bill Rand’s Express Freight Lines. The rug was lost or stolen while in the possession of this carrier.
The trial judge found for the defendant.
The plaintiff claims to be aggrieved by the refusal of the trial judge to grant requests for rulings numbered 1,2, 12 and 13 and by certain voluntary rulings of law.
The trial judge found that the defendant entered into an agreement whereby the plaintiff was to ship to the defendant on “consignment” a Kerman rug of the value of $1800.00 and there was evidence to warrant this conclusion.
In both counts of the declaration the plaintiff alleges that by reason of the plaintiff’s instructions or request the rug was shipped via Bill Rand’s Express. On this proposition the trial judge found the contrary. We hold there was no error in the denial of the trial judge of requests numbered 1, 2 and 12 because they are all premised on the matter of delivery to the above-named carrier as a result of the direction and request of the defendant while the trial judge found otherwise on evidence that warranted the conclusion. Nor was there error in the denial of request numbered 13. The bill of lading itself would permit the conclusion that the consignor (plaintiff) fixed the value of $125.00. It was part of his agreement with the carrier. He is bound by it.
The plaintiff requested rulings that the transaction was not a sale but was a bailment and both of these requested rulings were given. The plaintiff cannot now complain on those points. Woodman v. Haynes, 289 Mass. 114.
The fact that there was not a bailment here does not prejudice the plaintiff. He asked for the ruling and received it.
That there could not have been a bailment is obvious as the defendant at no time had notice of his possession of the rug either directly or through an agent. D. A. Schulte v. North Terminal Garage Company, 291 Mass. 251. Bailments, Van Zile, 2nd Ed., sec. 18. Bailments, Schuler, 2nd Ed., secs. 32, 94.
We find no error in the voluntary rulings of law of the trial judge.
It was proper to rule that the plaintiff should (a) reason *87 ably notify the defendant of the intended time and place of delivery to the carrier in order that the defendant might insure or indemnify himself against the risk, loss, or damage to the rug while in the carrier’s custody or (b) to declare the full agreed valuation of the rug to the carrier, in order to protect the defendant against the risk of loss or damage to the rug while in the carrier’s custody. While we have found no Massachusetts decision exactly on the point it has been generally held that the party shipping goods is obliged to preserve the remedy a party to whom they are shipped may have against a carrier and the failure to notify the consignee of the shipment or to declare the full amount of the article delivered to the carrier is a breach of duty that the consignor owes to the consignee. Williston on Sales, Second Edition, sec. 595.
In Miller v. Harvey, 221 N. Y. 54, Justice Cardona laid down the proposition that it is the duty of one shipping goods to safeguard the interests of the defendant as sedulously as his own. And while the decision was under a New York statute relative to the sale of goods he indicates the statute is declaratory of the common law and we know of no sound reason why the rule should be any different in a transaction of the nature of the one in the instant case.
In the New York case, a vendor shipped goods of the value of more than $50.00 without declaring their value, thus relieving the express company from liability for more than $50.00 and it was held that the seller must not sacrifice the buyer’s right to claim full indemnity from the carrier.
See also, Clarke v. Hutchins, 14 East 475; Reid v. Fargo, 241 U. S. 544.
No error being found in any of the rulings of law of the trial judge the order is— Report dismissed.