## LOUIS H. SMITH, Appellant, *v.* ECONOMICAL GARAGE, INC., Respondent.

(Supreme Court, Appellate Term, First Department, June, 1919.)

**Bailment — damages — automobiles — trial — verdict.**

Plaintiff having used his automobile on an extremely cold day returned it in good condition to defendant's steam heated garage, where he had kept it for years under a contract that defendant should care for it. The next day, in an effort to use the car, he found that the water in the cooling system was frozen and that the water jacket had burst. In an action for damages it appeared that defendant ran the motors of some cars and emptied the water from the cooling system of others to avoid freezing, and it sought to excuse the taking of no precautions with respect to plaintiff's car upon a claim that it might rely upon the presumption that plaintiff had some anti-freeze solution in his radiator; that it had no authority to empty the contents of plaintiff's cooling system and that plaintiff, whose residence was well known to defendant and was only about 700 feet from the garage, had taken with him the key to the ignition system when he left the car in the garage. *Held,* that plaintiff had made out a *prima facie* case against defendant as bailee, which it was its duty to rebut by showing it had used due care.

When plaintiff stored his car in the garage he had a right to assume that the temperature would be above the freezing point, and even if the defendant had done everything that an ordinarily purdent person could do to keep up the temperature, still it would not be relieved from the duty of either drawing off the water from the cooling system or of taking other obvious precautions to prevent the water from freezing and bursting the pipes.

While the fact that plaintiff had taken the key to the ignition system might have had some bearing on whether defendant should have sought to have prevented the freezing by running the motor, it would not have excused its neglecting other obvious precautions that any ordinarily prudent person would have exercised in the care of like property of his own.

An exception was well taken to the charge that "the degree of care that a person has to use is such care as is commensurate with the circumstances of each case" and the court should have charged, at defendant's request, that the measure of defendant's liability was that degree of care that an ordinarily prudent person would exercise concerning his own property, and a verdict in favor of the defendant will be reversed and a new trial ordered.

WEEKS, J., concurs; LEHMAN, J., dissents.

APPEAL by plaintiff from a judgment in favor of the defendant entered in the Municipal Court of the city of New York, borough of Manhattan, fifth district, upon the verdict of a jury.

Lee & Wadsworth (Joseph Day Lee, of counsel), for appellant.

Giffin & Hannon (John W. Hannon, of counsel), for respondent.

FINCH, J.  Plaintiff kept his automobile in defendant's garage under a contract providing that defendant should wash and care for the car, for which plaintiff paid twenty-seven dollars and fifty cents a month. Said garage was a steam-heated garage.  Plaintiff had kept his automobile there for about ten years. On December 30, 1917, plaintiff used his car and returned it to the garage in good condition.  On January first plaintiff tried to use his car, and found that the water in the cooling system was frozen and that the water jacket had burst.  To recover the damages sustained by reason thereof this action is brought. The facts are practically not in dispute.  Although it was unusually cold weather the defendant ran the motors of some cars and emptied the water from the cooling systems of others to avoid freezing but took no measures whatsoever with respect to plaintiff's car.  Defendant apparently seeks to excuse this by

claiming that it might rely upon the presumption that the plaintiff had some anti-freeze solution in his radiator, that defendant had no authority to empty the contents of plaintiff's cooling system and that plaintiff took with him the key to the ignition system when plaintiff left the car in the garage. It also appears that plaintiff lived only about 700 feet from the garage and his residence was well known to the defendant.

Plaintiff as bailor made out a *prima facie* case against defendant as bailee when plaintiff's proof showed that he delivered the car in good condition to defendant to care for and that when plaintiff called for it within a day or two the car was damaged. *Neustadt* v. *Lehigh, etc.,* 159 App. Div. 667. It then became the duty of the defendant to rebut this *prima facie* case by showing that it used due care as bailee. *Wintringham* v. *Hayes,* 144 N. Y. 1. This the defendant failed to do. When the plaintiff stored his car in a steam-heated garage he had a right at least to expect that the temperature would be above the freezing point. If owing to the severity of the weather the defendant could not keep the temperature above the freezing point although it had done everything that an ordinarily prudent man could do to keep up the temperature, still the defendant would not be relieved from the obvious precaution of either drawing off the water from the cooling system by simply turning the pet cock provided for this purpose, or taking other obvious precautions to prevent the water from freezing and bursting the pipes. The fact that the plaintiff had taken with him the key to the ignition system might have some bearing on whether the defendant should have sought to have prevented the freezing by the expedient of running the motor, but would not have excused its neglecting the other obvious pre-

cautions that any ordinarily prudent person would have exercised in the care of like property of his own.

The exception of the defendant to the charge of the learned court below wherein the court charged that " the degree of care that a person has to use is such care as is commensurate with the circumstances of each case," was well taken and the court should have charged the defendant's request that the measure of defendant's liability upon this branch of the case was that degree of care that an ordinarily prudent person would exercise concerning his own property. In a bailment such as is the case at bar that is the proper measure of the care required of the bailee. In *Israel* v. *Uhr,* 164 N. Y. Supp. 50, this court said, page 51: " The duty resting on a bailee in such a case is to exercise a like degree of care in respect of the subject of the bailment as a prudent man in similar circumstances commonly takes *of his own goods,* and the burden is upon the bailee of showing his compliance with that duty. *Ouderkirk* v. *Central Nat. Bank,* 119 N. Y. 263."

To the same effect *Wilson* v. *Wyckoff, Church & Partridge,* 133 App. Div. 92; affd., 200 N. Y. 561. The duty in the case at bar did not arise out of the obligation resting upon every person not to commit a tort upon his neighbor but upon the obligation arising out of the bailee's contract and the jury should have had clearly before them the measure of the defendant's duty of care.

It follows that the judgment should be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

WEEKS, J. (concurring). I concur for reversal and a new trial.

I am of opinion that the court also erred in charging

the jury that the duty of the defendant was in any way affected by a belief that the plaintiff had taken precautions to prevent the freezing of the water by either draining the water from the radiator or mixing a nonfreezing substance with the water. There was no proof that the defendant had any such belief or that any effort was made to ascertain whether either of these conditions existed or to obtain any information in relation thereto that would have justified a belief. The slightest examination would have demonstrated that the water had not been drawn off. The plaintiff was under no duty in regard to the matter and the duty assumed by the defendant to care for the car could not be affected by an unjustified belief in nonexistent conditions.

LEHMAN, J. (dissenting). Prior to December 30, 1917, the plaintiff had stored his automobile for a long period of years in a steam-heated garage operated by the defendant, under a contract whereby the defendant agreed to store the automobile and to wash and care for the same. On December 30, 1917, the plaintiff took his car from the garage and after he had used it for some hours returned it to the garage in good condition. On January first the plaintiff found that the water jacket of the automobile had burst owing to the fact that the water in the cooling system had frozen. Since the defendant was a bailee for hire and the undisputed evidence shows that the automobile was left with it in good condition and was thereafter damaged while in its care, in the absence of explanation as to the cause of the damage, a presumption arises that the damage occurred through the negligence of the defendant and the burden of producing evidence to rebut this presumption is shifted to the defendant.

The evidence shows that the weather between December 30, 1917, and January 1, 1918, was extremely cold and although the record does not disclose the exact temperature during that period, it was assumed and the trial justice charged without exception that the cold was without precedent.   Apparently there is no serious contention that the defendant was guilty of any negligence in failing to keep the temperature of its garage above the freezing point during this cold spell but it appears that the defendant drained the water from the radiators of some automobiles and ran the motors of other automobiles in order to prevent damage to the cars by freezing.   It did not, however, take such precautions in connection with the plaintiff's car and the plaintiff now claims that in failing to take such precautions the defendant was guilty of negligence as a matter of law or if, under all the circumstances, the record presents a question of fact upon this point for the jury, the charge of the trial justice was erroneous. The trial justice charged the jury in part as follows: " The question in this case, gentlemen, is whether the defendant under its arrangement with the plaintiff used proper care in taking care of the plaintiff's car. Now, the degree of care that a person has to use is such care as is commensurate with the circumstances of each case.   The defendant is not an insurer.   The defendant does not guarantee the plaintiff that his car will not be damaged.·  He has to use ordinary care, proper care, such care as a prudent man under the same circumstances would use.   Now, whether the defendant lived up to this duty or not is for you to determine.   The defendant claims that the cold was unprecedented and it is right in that respect.   The defendant admits that the garage during the night was cold.   The defendant claims that it did attempt to prevent the freezing of the radiators and of the engines

Appellate Term, First Department, June, 1919.    [Vol. 107.

in those cases where its customers left the keys to their cars with the foreman. You know, gentlemen, and it has been testified to, that an engine cannot be run when an automobile is locked. In this case, gentlemen, Mr. Smith took the key to his car with him. This is important for you, gentlemen, to consider, in one respect only. Was the defendant justified in believing that the plaintiff would take proper precaution so as to prevent the injury to the car which actually happened. The plaintiff has the right to come before you and say: ' If it is the defendant's duty to take care of my car it is entirely immaterial what I did.' But what the plaintiff did in this case, gentlemen, is important as affecting the defendant's duties. Had the defendant the right to rely upon the precautions taken by the plaintiff or not? If the defendant in your opinion, gentlemen, had the right to and was justified in believing that the plaintiff would either drain the water from the radiator or mix a non-freezing substance with the water, then you may take that into consideration as affecting the degree of defendant's care. Likewise, gentlemen, it is for you to determine whether the plaintiff, having taken the key with him, whether it was the defendant's duty to either procure the key from the plaintiff during the night or notify the plaintiff that there might be a probability or possibility of damage from freezing.''

The plaintiff claims that this charge is erroneous in that it defines the degree of care required of the defendant as `` such care as a prudent man under the circumstances would use '' instead of such care as an ordinarily prudent person would exercise in the same circumstances *over his own property* and also in permitting the jury to consider whether the defendant had a right to believe that the plaintiff would either drain the water from the radiator or mix a non-freez-

ing substance with the water, and whether such belief if justified could reasonably affect the care which the defendant was obliged to exercise. If there was error in either of these respects in the judge's charge, there is no doubt but that the plaintiff has pointed out his own theory of the case by proper exceptions and requests to charge. In my opinion there is no error in the charge of the trial justice. The defendant is a bailee for hire and his obligation is undoubtedly to use that care which an ordinarily prudent person would use under the same circumstances. There are numerous expressions in authoritative text books and in opinions of the various courts which carry that definition one step further by adding to it the words " concerning his own property." In my opinion, however, the use of these additional words merely amplifies the definition and does not change it. The duty of the bailee is always to exercise that care which an ordinarily prudent person would exercise under the same circumstances, but the text book writers and the decisions have by the use of these words, in effect, pointed out that an ordinarily prudent person acting as bailee for hire would exercise the same care over goods left in his sole custody and control as he would over his own goods.

Ordinarily where goods are damaged or destroyed while in the custody of another, the bailor has had no control over the conditions leading up to the damage and could personally take no precautions to avoid such damage, while the bailee has had complete custody and control and could reasonably be expected to take the same care of the goods intrusted to him as he would have taken of his own goods. In the present case, the plaintiff's automobile when left in the defendant's garage by the plaintiff contained water in the radiator and it contained no mixture to prevent freez-

Appellate Term, First Department, June, 1919.   [Vol. 107.

ing. When the temperature of the garage went below the freezing point an ordinarily prudent owner of an automobile in his own garage knowing these facts, would have undoubtedly either drained the water from the radiator or kept the motor running. Here, however, the plaintiff had taken along the key of the ignition system and the defendant could not start the motor without that key. Obviously, therefore, even if an ordinarily prudent owner would have started the motor of his own car under the same circumstances, it cannot be held as a matter of law that the garage owner was required during the night to call for plaintiff's key in order to start the engine and in this respect certainly it cannot be said as a matter of law that the defendant was required to exercise the same care of plaintiff's car as an ordinarily prudent man would have exercised over his own car while in his sole and complete control. The question still remains whether as a matter of law the defendant was required to drain the water from the radiator. There is no doubt but that, even though the car was in the custody of the defendant, the plaintiff if he had seen fit to do so, could have drawn the water from the radiator himself or if he preferred to leave the water in the radiator, he could have mixed a non-freezing substance with the water. To that extent, the prevention of the damage was not only within the control of the defendant but within the control of the plaintiff. Under such circumstances it seems to me that the ordinary rule that a bailee is required to exercise the care which an ordinarily prudent person would exercise over his own property has no application. As a matter of fact, if the owner of the garage proceeded to draw this water and it actually had contained a non-freezing mixture, he might well have laid himself open to a claim by the plaintiff that he had no right to assume that the plain-

tiff would have left the water in the radiator if he had not wished it to remain there. The defendant was required to use that care which an ordinarily prudent person would have used under the circumstances and it was for the jury to say whether, in view of the fact that the plaintiff had access to and control of the automobile, and that he took with him the key of the ignition system, the defendant was negligent in failing to take any precautions to prevent the radiator from freezing, although if the car had been his own and he had known that the radiator contained water and that it contained no admixture of any substance to prevent freezing and he had possession of the key to the ignition system, he would not have acted as a prudent person in failing to draw the water from the radiator or start the engine.

Judgment should therefore be affirmed, with costs to the respondent.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.