R. C. READ & CO. v. BARNES. (No. 1473.)

(Court of Civil Appeals of Texas. El Paso. April 26, 1923. Rehearing Denied May 24, 1923.)

Sales ⟨Key⟩182(1)—Return by parcel post, uninsured, of goods shipped on approval held not negligence as matter of law, creating liability for their loss.

Where certain jewelry was sent to a prospective purchaser on approval and was returned by such purchaser by parcel post but not insured, and it appeared that the goods failed to arrive, the manner of return could not be held negligence as a matter of law, so as to render the prospective purchaser liable for the full value of the goods.

Appeal from Comanche County Court; F. J. Reese, Judge.

Action by R. C. Read & Co. against B. F. Barnes. Judgment for defendant in justice and county courts, and plaintiff appeals. Affirmed.

Y. W. Holmes, of Comanche, for appellant.

Merton L. Harris, of Smithville, and A. E. Hampton, of De Leon, for appellee.

HARPER, C. J. Appellant asked permission of appellee, by letter, to ship him an assortment of jewelry. Appellee replied: "Yes, send it on my approval."

The jewelry was shipped by express, valued at $50. A package was received, and returned without being opened, by parcel post, not insured. It did not arrive back to shipper. Suit was brought for $148.79, the alleged value of the goods.

In both justice and county courts, judgment was rendered for defendant.

Read & Co. appeals, and asserts the proposition that to return the goods by parcel post uninsured was such negligence as to render Barnes liable for the full value. There was no instruction or agreement as to the manner of return.

We cannot hold that the manner of return was negligence as a matter of law, in view of the findings of the two trial courts upon the facts. Whitehouse Bros. v. Abbott & Son (Tex. Civ. App.) 228 S. W. 599.

Affirmed.