## NEWMAN v. CLAYTON F. SUMMY CO.
### No. 71.

Circuit Court of Appeals, Second Circuit.
Dec. 12, 1942.

Opinion Amended Jan. 12, 1943.

Beekman, Bogue, Stephens & Black, of New York City (Edward K. Hanlon, of New York City, of counsel), for appellant.

Bernard Gordon, of New York City (Maurice J. Fleischman, of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Appellee, a composer, sent a manuscript, insured for $500, by Railway Express from Florida to appellant, a music publisher, in Chicago. Appellant later procured appellee's permission to send the manuscript to appellant's New York office. But, unknown to appellee, appellant, in shipping the script to New York, also by Railway Express, described the package as containing merely "sheet music." The script was lost in transit. Appellee, having retained no copy, spent considerable time in reproducing the script and later contracted with another publisher who published it under a royalty agreement.

Appellant assigns as errors (1) the trial court's refusal to direct a verdict, and to dismiss the complaint, both of which were requested on the theory that appellant was a "gratuitous" bailee and that there was no affirmative evidence that it was guilty of gross negligence; (2) the refusal of the trial court to charge the jury that appellant was liable only for gross negligence; (3) the size of the verdict, said to be ex-cessive; and (4) the exclusion of certain evidence.

■ If appellant was not a gratuitous bailee, there is no reversible error. The fact that appellee, in sending the manuscript to appellant, limited to $500 the amount she could have recovered from the express company had that company lost the manuscript, is in and of itself, not sufficient to limit appellee's liability to that amount. For appellant did not show that it was aware of that limitation and acted in reliance thereon when it shipped the manuscript to New York.[1] If Jones is careless in sending valuable goods to a warehouse, and especially if the warehouseman is unaware of Jones' carelessness, the latter's conduct cannot be used as a standard of the care required of the warehouseman in later sending the goods back to Jones.

■ Appellant argues that a bailee is not required to insure goods when shipping them. Assuming, arguendo, that that correctly states the rule, it does not meet this situation. The receipt issued by the carrier to appellant, when it shipped the manuscript to its New York office, provided that the express company, unless negligent, should not be liable beyond $50 for "loss of * * * valuable papers * * * unless such articles are enumerated in the receipt," thus here precluding any claim against the carrier for more than $50. Accordingly, there was evidence here on which the jury could properly find negligence.

■ The manuscript had no market value and was unique, so that it was proper to measure its value by the reasonable worth of the time and effort spent by appellee in reproducing it.[2] On the basis of the evidence, the verdict was not excessive. And appellee's failure to keep a copy of her script did not bar recovery. We take judicial notice of the fact that many authors retain no adequate duplicates of the writings they send to publishers.

■ Testimony as to the amounts of royalties received by appellee for an earlier publication of another work and from another publisher who published the reconstructed manuscript was excluded. That testimony was sufficiently remote so that it

---

[1] If, on a new trial, appellant should introduce evidence tending to show such reliance, the trial judge may properly call the jury's attention to the failure to offer such evidence at the first trial. See Moore, Facts, § 1132; cf. §§ 757, 1079.

[2] Cf. Wood v. Cunard S. S. Co., 2 Cir., 192 F. 293, 299, 41 L.R.A.,N.S., 371.

was within the trial court's discretion to exclude it.

■ Appellant asserts that the trial judge erred in instructing the jury as follows: "What is the duty which the bailee, the Summy Company, owed to the bailor, Miss Newman? Being a bailee, the Summy Company owed the plaintiff the duty of exercising reasonable care in handling her manuscripts and in dealing with her manuscripts * * * Negligence is usually defined in these words: Negligence is the failure to exercise a care commensurate to the hazard. That is, the amount and kind of care that would be exercised by an ordinarily prudent person in the same or similar circumstances, or that degree of diligence which the manner and the nature of the employment make it reasonable to expect. The question, therefore, that you must decide is whether the defendant failed in its duty to observe that degree of care in looking after the manuscript which had been entrusted to it." Appellant maintains that the judge should have instructed the jury that it was not liable unless it was grossly negligent because, appellant claims, under Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, New York law governs. By the law of New York where the trial was held, appellant was a gratuitous bailee, and a gratuitous bailee is not liable except for gross negligence. There is, however, no need for us to consider what would be the law of New York applicable to such a transaction occurring in New York, for here we must apply the New York doctrine of conflict of laws and that doctrine is to the effect that the applicable legal rules are those of Illinois. There can be no doubt that the arrangements for the bailment were made in Illinois, and that "performance," i.e., the shipment of the manuscripts, occurred in that state. In such circumstances, the New York courts hold that the Illinois law as to bailments should be applied. Union Nat. Bank v. Chapman, 169 N.Y. 538, 543, 62 N.E. 672, 57 L.R.A. 513, 88 Am.St.Rep. 614; Swift & Co. v. Bankers Trust Company, 280 N.Y. 135, 19 N.E.2d 992; cf. Restatement of the Law of Conflict of Laws, § 358.

■ Turning then to the Illinois decisions,[3] it appears that the rule is that, regardless of whether or not there was a gratuitous bailment or one for "mutual benefit," the bailee must use the same care as he would with respect to his own property; there is no discussion of "gross negligence." In Miles v. International Hotel Co., 289 Ill. 320, 327, 124 N.E. 599, 602, the court said: "It is not necessary to determine whether or not plaintiff in error was a guest or a mere lodger or boarder, because the relation terminated when the bill was paid and she left the hotel. The question presented, therefore, is that of the liability of an ordinary bailee. * * * This was a gratuitous bailment, even though it may be said that the contract of bailment entered into was done partly as an inducement to plaintiff in error to return to the hotel as a boarder. Such incidental advantage is not such compensation as is necessary to make the bailment one of hire. Bennett v. O'Brien, 37 Ill. 250. A gratuitous bailee of property is bound to take reasonable care to protect it from loss or damage. As bailee the defendant in error was bound to exercise such care and diligence in the preservation of the property intrusted to it as every prudent man takes of his own goods of like character. Ordinary diligence means that degree of care, attention, or exertion which under the circumstances a man of ordinary prudence and discretion would use in reference to the particular thing were it his own property. Schaefer v. Safety Deposit Co., 281 Ill. 43, 117 N.E. 781, Ann.Cas.1918C, 906." See, also, Oscar Heyman & Bro. v. Marshall Field & Co., 301 Ill.App. 340, 348, 22 N.E.2d 776, 781.[4]

■ The instruction given by the trial court in the instant case was not literally in accord with the language used in those cases. Perhaps the differences are not substantial. But even if they are, that is of

---

[3] No evidence was introduced at the trial as to Illinois law; but the federal court in any district takes judicial notice of the laws of all states. Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 29 L.Ed. 94; In re Paramount Publix Corp., 2 Cir., 85 F.2d 83, 86; although such is not the law of New York (Read v. Lehigh Valley R. Co., 284 N.Y. 435, 444, 31 N.E. 2d 891), the federal evidence rule governs, under Federal Rules of Civil Procedure, rule 43(a), 28 U.S.C.A. following section 723c.

[4] There are earlier Illinois cases which speak of "gross negligence." Chicago Hotel Co. v. Baumann, 131 Ill.App. 324; cf. Marine Bank of Chicago v. Rushmore, 28 Ill. 463. But we think that the present Illinois rule is stated in the Miles case and the Heyman case, supra.

no import, since, in the trial court, appellant did not except to the instruction on the ground of any such differences but only because of the failure to give instructions as to gross negligence. Accordingly there was no reversible error.

The judgment of the trial court is affirmed.