NORTHERN ASSURANCE COMPANY, LIMITED, Respondent, *v.* JEROME WOLK et al., Copartners Doing Business as JEROME WOLK & BRO., Appellants.

Supreme Court, Appellate Term, First Department, June 23, 1944.

*Frederick T. Case* for appellants.

*George I. Janow* for respondent.

SHIENTAG, J.   The litigation relates to the loss of three fur coats worth $1,600.   They were shipped from New York by Kahn Bros. and Pinto, Inc., to defendants-appellants, hereinafter referred to as the defendant in Pittsburgh " on consignment ". Kahn shipped them to the defendant by the Railway Express on a fifty dollar valuation.   The defendant returned them to Kahn in New York by the Railway Express, also on a fifty dollar valuation.   The coats disappeared from the possession of the Railway Express and the plaintiff, who insured Kahn, paid the loss and brought this action as subrogee.

The complaint set up three causes of action: (1) that Kahn shipped the coats to the defendant on consignment, to be paid for or returned, and that the defendant neither paid for nor returned the goods; (2) that the coats were shipped upon the defendant's undertaking and agreement to be responsible for any loss or damage to the coats until they were returned into Kahn's possession; (3) that the defendant in returning the coats by the Railway Express and valuing them at fifty dollars did so without Kahn's knowledge or consent and thus prevented Kahn from recovering their full value from the carrier.

The learned court below gave judgment in favor of the plaintiff on the third cause of action. We believe this holding to be erroneous.

The parties had been doing business for many years, during which there were numerous shipments and returns. Invariably those shipments and returns were valued at fifty dollars each, regardless of the invoice values. Kahn's insurance policy issued by the plaintiff covered goods while in transit, both going out and coming in, and contained an express provision that, irrespective of their true value, such shipments might be valued at fifty dollars.

The defendant receiving the coats on consignment was a bailee and as such was required to use due and reasonable care. (*Berry Bros.* v. *Snowden*, 209 F. 336; *In re Thomas*, 231 F. 513; *Smith* v. *Economical Garage, Inc.*, 107 Misc. 430.) The evidence is clear that the defendant, as bailee, under the circumstances here presented, used such care as a prudent man would ordinarily use in connection with his own merchandise. It had long been the regular practice for these parties and those with whom they did business to insure shipments and returns at the nominal valuation of fifty dollars. It cannot be said, therefore, that it was negligent to do what these business men had, in fact, been doing for many years.

· Both parties to the transaction were insured. While the existence of insurance does not modify the legal rules applicable to the situation, it can hardly be held to have been necessary to pay a carrier for substantial insurance when both consignor and consignee have already paid premiums to two insurance companies for the same coverage. Both policies of insurance recognize this and contain express consents that shipments might be valued at fifty dollars. Due care did not call for a third insurance on property which had already been fully insured twice.

The plaintiff insurance company, suing as subrogee, stands in no better position than its assured, Kahn. The latter never objected to the fifty dollar valuations. On the contrary, he acquiesced in them for many years. The insurance company, therefore, may not lawfully complain of the fifty dollar valuation placed upon the coats by the defendant, particularly since its own policy of insurance expressly permitted its insured to do the very thing for which it now seeks to hold the defendant liable.

*Miller* v. *Harvey* (221 N. Y. 54) is not a holding to the contrary. There the parties were involved in a single transaction,

whereas here we have a course of dealing since 1937. The fact that the defendant always paid the express charges both ways and, therefore, was the only one to save any money by the fifty dollar valuations is without legal significance. The question of who pays the freight does not increase or diminish the duty of the bailee.

The court below was correct in refusing to hold that the fine print in the invoice constituted a special contract between the parties. Neither of them had read this fine print or knew of the statements it contained. (*Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400; *Sturtevant Co.* v. *Fireproof Film Co.,* 216 N. Y. 199; *Grant Lumber Co.* v. *North River Ins. Co.,* 253 F. 83.)

The judgment below should accordingly be reversed, with costs, and the complaint dismissed on the merits, with costs.

HAMMER and EDÉR, JJ., concur.

Judgment reversed, etc.