Irving Graubart et al., Doing Business as Graubart Bros., Appellants, v. Barnet Posner, Doing Business as Posner's, Respondent.

Supreme Court, Appellate Term, First Department, March 20, 1947.

*Myron Engelman* and *Wolfe R. Charney* for appellants.

*John W. Ansell* for respondent.

Shientag, J. Plaintiff brought this action to recover for the loss of a Persian coat and skins originally shipped by plaintiff Graubart Bros., a limited partnership, to defendant Posner's, doing business in Philadelphia. The goods were sent on consignment and, after being rejected by Posner's, were delivered to the Railway Express Agency for return to Graubart, in New York. Title to the property remained in plaintiff under the agreement. The defendant declared the skins as worth $50 when it returned the merchandise. Graubart Bros. was not insured. The goods were lost in transit. The net loss was $1,124.

The question is whether, under the circumstances, Posner's was bound to declare the full value of the skins consigned to the Railway Express company under pain of carrying the risk of loss in the event of nondelivery by the Railway Express Agency.

Plaintiff's witness Lobl stated that Graubart sent the consignment originally to Posner's on a valuation of $50. According to the plaintiff's story, this valuation was put upon the property during a conversation with one Thaw, who represented Posner's. According to the testimony, Thaw instructed Lobl to limit the insurance to be placed on the furs by the carrier to $50, in view of the fact that Posner's carried full insurance.

The memorandum bill which accompanied the shipment stated: "The consignee shall be responsible for any loss accruing through fire, burglary or other reason whatsoever while the merchandise remains in the possession of the consignee." This transaction was the first one had between the parties.

This appeal raises the question of the duty of the consignee as to safeguarding the goods which are being reshipped to the consignor. Where there have been many transactions between the parties coupled with the custom of undervaluation of shipments, if a shipment is lost, it has been held that the consignee is not negligent in following the previous course of conduct (*Northern Assurance Co.* v. *Wolk,* 182 Misc. 112, affd. 269 App. Div. 768). Where there has been no previous practice or agreement a reasonable interpretation of the consignee's duty requires that in returning goods the consignee take such steps as will not destroy the consignor's power to protect himself from loss. It was held in *Rhind* v. *Stake* (28 Misc. 177) where there had been no previous dealings, that the consignor's request that the goods should be sent him in Closter, New Jersey, by express was not sufficient to relieve the consignee from liability for the nondelivery of the property inasmuch as the consignee had no authority from the plaintiff to accept a limited liability on the part of the express company. The Court of Appeals of Georgia in *Rich's, Inc.,* v. *Empire Gold Buying Service, Inc.* (69 Ga. App. 279) held, largely on the authority of the *Rhind* case (*supra*), in favor of the bailor, in an action in tort against a bailee to recover for bailee's alleged negligence in reshipping goods at a substantial undervaluation.

In *Newman* v. *Clayton F. Summy Co.* (133 F. 2d 465) the Circuit Court of Appeals, Judge FRANK writing, said (p. 466): "Appellant argues that a bailee is not required to insure goods when shipping them. Assuming, arguendo, that that correctly states the rule, it does not meet this situation. The receipt issued by the carrier to appellant, when it shipped the

manuscript to its New York office, provided that the express company, unless negligent, should not be liable beyond $50 for ' loss of  *  *  *  valuable papers  *  *  *  unless such articles are enumerated in the receipt,' thus here precluding any claim against the carrier for more than $50. Accordingly, there was evidence here on which the jury could properly find negligence.'' There may be some doubt whether under the law of New York a gratuitous bailee has any such liability, but there is no reason for holding that people in business relations, who are passing goods back and forth between themselves for the purposes of sale or rejection, are gratuitous bailees. They are operating in their mutual relations for ultimate profit.

There is no question in this State that if this were a case of a sale of goods rather than a memorandum consignment, the defendant would be liable. The Court of Appeals, in *Miller* v. *Harvey* (221 N. Y. 54) held under the Sales Act that the seller must not sacrifice the buyer's right to claim indemnity from the carrier. In that case an article worth $95 had been valued at $50. The court, per CARDOZO, J., said of the defendant's conduct (p. 57): '' He sacrificed the defendant's right of indemnity to the extent of almost one-half of the value of the shipment. He did this when full indemnity could have been procured by an additional payment of ten cents. That was not a reasonable protection of the interests of his principal. The plaintiff's argument, if sound, would require us to hold that the acceptance of a like limitation would be reasonable if the value had been $1,000.  *  *  *  The seller who puts the buyer at the mercy of the carrier must procure the buyer's approval or assume the risk himself.''

There is no sound basis for differentiating in this shipping situation between a shipper who is a seller of goods and who is divesting himself of the risk of loss at the moment of shipment, and a consignee of goods who has decided not to purchase but who is similarly divesting himself of liability for the goods at the moment of shipment. It is not so much a question of buyer and seller, as contrasted with consignee and consignor; it is rather the situation of danger which is created when either seller or consignee, not having title or responsibility for the goods, starts them off on a journey, knowing that they are completely undervalued and that, in case of loss, the consignor or the buyer will be unprotected.

At the end of the case both plaintiff and defendant moved for judgment. This left the decision of all facts to the Trial Justice. One of the facts related to plaintiffs' witness Lobl's testimony that the value that he put on the shipment was at the request of the defendant's agent. The Trial Court, in his opinion, indicated that he considered the truth of this testimony immaterial and implied that it was unnecessary to decide upon its veracity. I differ with that conclusion.

The question of fact to be decided is whether the consignee in undervaluing followed the value put on the goods by the consignor at the consignor's own volition, or whether the consignee was adhering to an undervaluation put on originally by the consignor at the request of and for the convenience of the consignee. If the former fact is found, there should be judgment for defendant, since the consignor would then be deemed to have authorized such nominal valuation; if the latter fact is true, then there should be judgment for the plaintiff. Since this question of fact has not been decided, there should be a new trial so that the jury may pass upon the point.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

HAMMER, J. (dissenting). In the complaint three causes of action are alleged: (1) Goods sold and delivered at the price of $1,124 and price not paid; (2) the sale and shipment were made by a written agreement of consignment under which defendant agreed to be responsible for any loss to the merchandise while in his possession; receipt of the goods, demand for and failure to return, and that $1,124 is due and unpaid to plaintiffs, and (3) same as second, but with the addition that the " sale was the first business transaction of any kind had between the plaintiffs and the defendant ".

The answer denied the vital allegations of the three causes of action in the complaint and alleged " defendant returned the said merchandise to the plaintiffs by delivering the same to the transportation company employed by the plaintiffs in the making of the original shipment, that is, the Railway Express Agency, Inc., and pursuant to the same form of receipt as was used by the plaintiffs in making the original shipment the defendant returned the said merchandise by delivering same to the Railway Express Agency, Inc., and accepting from the said Railway Express Agency, Inc. a receipt, wherein and whereby the value of the merchandise

was declared in the sum of $50.00, in the event of loss as the plaintiffs themselves had previously done in making the original shipment".

The first cause of action was withdrawn on the trial.

The action was tried by the court without a jury, whose brief, informal decision was for the defendant. Every findable fact and inference warranted by the evidence must be assumed to have been found for defendant. The expressed opinion does not accept plaintiffs' testimony that Thaw, a commission buyer who gave defendant's order for the goods to plaintiffs and who died a year before the trial, "instructed Lobl (representing plaintiffs) to limit the insurance valuation to be placed on the furs by the carrier to $50 in view of the fact that Posner's carried full insurance". The Trial Court in his opinion stated: "Whatever Thaw's connection with the transaction may have been, the fact is that it was the plaintiff who shipped his own goods to the defendant on consignment and who placed a valuation of $50 upon them. That fact was invitation enough to the defendant when he returned the goods to return them precisely in the way they had been shipped to him". It is questionable that defendant would be bound by special oral statements if any were in fact made by Thaw. Aside from that, by reason of Lobl's interest as a partner of plaintiffs the fact that Lobl's parol evidence of Thaw's alleged oral statements was a variation of the written agreement pleaded in the complaint, not controvertible because of Thaw's death, the court upon consideration of all the evidence in the case was warranted in the finding quoted above and in his decision for defendant. The defendant was not required to exercise more than ordinary care in reshipping the consigned goods under the theory of negligence upon which the case seems to have been tried. He was not an insurer or indemnitor and assuredly he was not required to exercise greater care in reshipping plaintiff's goods than plaintiffs exercised in their original shipment of the same goods to defendant.

The judgment should be affirmed, with costs.

EDER, J., concurs with SHIENTAG, J.; HAMMER, J., dissents in opinion.

Judgment reversed, etc.