KASSVAN v. THOMAS E. McELROY CO.
No. 9877.

United States Court of Appeals
Seventh Circuit.

Jan. 12, 1950.

L. Duncan Lloyd, Theodore C. Diller, William H. Hillier, Chicago, Ill. (Lord, Bissell & Kadyk, Chicago, Ill., of counsel), for appellant.

Joseph Harrow, Chicago, Ill., Rein, Mound & Cotton, New York City, Querrey & Harrow, Chicago, Illinois (Bert Cotton, New York City, of counsel), for appellee.

Before MAJOR, Chief Judge, KERNER and DUFFY, Circuit Judges.

MAJOR, Chief Judge.

This appeal is from a judgment in favor of the plaintiffs in the amount of $3,950.00, entered March 17, 1949. The complaint contained four counts, each stating a different theory of liability. Inasmuch, however, as the judgment below was based solely upon the cause of action stated in the third count, and in view of the fact that plaintiffs here make no attempt to sustain the judgment on any other theory, we assume that other theories have been abandoned. We shall, therefore, confine our consideration to the theory of liability stated in the third count.

The court below made its findings of fact and its conclusions of law upon which its judgment was predicated. The facts as found are that plaintiffs were in the fur business in New York and defendant in the same business in Chicago. On or about March 30, 1942, defendant requested plaintiffs to ship it some furs on approval, which was the first transaction between the parties. Plaintiffs shipped to defendant $3,-950.00 worth of furs via Railway Express at a declared value of $400.00. The furs were received by defendant on April 1, 1942, in Chicago. It examined them but did not think that they were the kind and quality desired and on the same day returned them, also by Railway Express, at a declared value of $50.00. The furs were lost while in the possession of Railway Express. Because of the $50.00 declared value made by de-

fendant, the carrier's liability for loss was limited to this amount. These findings were based on stipulated facts and are not in dispute. The court also found that the evidence did not establish a custom or usage among furriers of shipping furs by Railway Express at a declared value of $50.00 and carrying insurance for the balance of the risk. The defendant sought to establish such custom or usage by the testimony of one witness, which was the only oral testimony heard. Defendant here complains that the finding of no custom or usage is contrary to such testimony.

From the above findings, the court concluded, as alleged in count 3 of the complaint, that the defendant in returning plaintiffs' furs acted negligently in declaring a value of $50.00, and as a result plaintiffs were deprived of a right of action against the express company when the furs were lost by the latter. Judgment in favor of the plaintiffs was for the full value of the furs. The court also concluded that the fact that both plaintiffs and defendant carried insurance against loss did not affect the question of defendant's liability.

In addition to the facts found by the court, others shown by the stipulation appear to be material. Plaintiffs gave defendant no verbal or written instructions in regard to the return shipment or the valuation to be placed upon the furs. Plaintiffs made no offer to pay any part of the carrier charges on the return shipment. The express company's charges were based largely upon the declared value of the shipment, and if they had been valued in excess of the $50.00 minimum, an extra charge would have been made. The charge was 70¢ on a $50.00 valuation of the furs, and $4.00 on a full valuation.

Plaintiffs were insured against loss of the furs in transit. Their policy contained, among others, the following provisions: "It is understood and agreed that in respect to shipments by Railway Express Agency, the assured will declare to the Express Agency a valuation of 10% of the amount of each shipment," and "This policy also includes return shipments made by Railway Express Company only." Defend-

ant was also insured against liability, if any, on the part of defendant for loss of furs while in the custody of the Railway Express Agency on the return shipment to plaintiffs.

The authorities called to our attention or which we have been able to find furnish little aid to a solution of the question for decision. The two cases most discussed by the parties and both relied upon in support of their respective positions are Graubart et al. v. Posner, 188 Misc. 722, 68 N.Y.S. 2d 910, and Northern Assurance Co., Ltd. v. Wolk et al., 182 Misc. 112, 49 N.Y.S.2d 754, affirmed without opinion, 269 App.Div. 768, 55 N.Y.S.2d 389.

The facts of the Graubart case are in many respects similar to those here. There, goods were shipped on consignment by the owner to a party for inspection. The goods were refused and returned by Railway Express Agency to the owner. A valuation of $50.00 was placed upon the goods both on the outgoing and return shipments. There was proof that the valuation on the outgoing shipment was placed at $50.00, at the request of the bailee because the latter was covered by insurance. The transaction was the first had between the parties. From a judgment in favor of the plaintiff defendant appealed. While the court made some statements upon which the plaintiffs here rely, it reversed the judgment for a new trial on the ground that the trial court regarded as immaterial the testimony that the valuation on the outgoing shipment was placed at $50.00 at the request of the consignee. In doing so the court, 68 N.Y.S.2d at page 913 stated: "The question of fact to be decided is whether the consignee in undervaluing followed the value put on the goods by the consignor at the consignor's own volition, or whether the consignee was adhering to an undervaluation put on originally by the consignor at the request of and for the convenience of the consignee. If the former fact is found, there should be judgment for defendant, since the consignor would then be deemed to have authorized such nominal valuation; if the latter fact is true, then there should be judgment for the plaintiff."

As we understand the court's holding, it is to the effect that the consignee would not be liable for placing an undervaluation on the goods at the time they were delivered to the express company for return provided the consignor had likewise of its own volition originally undervalued the goods, but if the original undervaluation by the consignor was at the direction or request of the consignee, then such undervaluation would not relieve the consignee from liability for making a similar undervaluation upon return of the goods.

In Northern Assurance Co., supra, that company brought suit as the subrogee of its insured to recover for the loss of goods being returned to its insured as consignor and owner. The cause of action there, as here, was against the consignee and was predicated upon his negligence in undervaluing the goods upon the occasion of their return to the consignor. A judgment in favor of the plaintiff was reversed, with directions that the cause be dismissed. In that case the parties had been doing business for many years and it was the practice both on shipment and return to value the goods at $50.00, regardless of their actual value. The decision appears to turn largely upon this previous practice. The court, after stating that the insurance company stood in no better position than its assured (the consignor) said, 49 N.Y.S.2d at page 756: "Both parties to the transaction were insured. While the existence of insurance does not modify the legal rules applicable to the situation, it can hardly be held to have been necessary to pay a carrier for substantial insurance when both consignor and consignee have already paid premiums to two insurance companies for the same coverage."

In Whitehouse Bros. v. S. H. Abbott & Son, Tex.Civ.App., 228 S.W. 599, the plaintiffs shipped jewelry to the defendants by express on approval, with directions that it be returned in the same manner, with a valuation of $50.00. Instead of returning the jewelry as directed, the defendants returned it by parcel post at a $25.00 valuation. The jewelry was lost in transit. There, the defendants were relieved of liability notwithstanding they had failed to follow the specific instructions of the plaintiffs on the ground that the latter were fully protected by insurance. In so doing the court, 228 S.W. at page 601, stated: "Manifestly, no one, under the circumstances, would have concluded that the value the appellees placed on the goods when returning them was at all material. Appellees had been informed that the goods, at the instance of appellants, were covered by insurance, and if they were, whether appellees placed any valuation on them or not could not be material, as the value of the goods lost is all that could, in any event, be recovered from any person, and if the insurance company was liable to the appellants for the value of the property upon the policy issued by it, appellants were thereby fully protected * * *."

In Louisville Woolen Mills v. Britt, 90 Pa.Super. 517, a bailee returned goods, which were lost in transit, by express at a $50.00 value. In reversing the judgment for the plaintiff-owner, the court 90 Pa.Super. at page 519, stated: "The defendant selected the very same carrier chosen by plaintiff. They received no notice that any valuation had been placed on the goods by plaintiff when shipping them in the first instance. * * * The cost of expressage was payable by plaintiff, and no special authority had been given defendants to declare a higher value and thus make plaintiff liable to pay the increased cost of carriage."

In R. C. Read & Co. v. Barnes, Tex.Civ. App., 252 S.W. 224, goods were consigned by express, valued at $50.00, and returned by the consignee parcel post uninsured. The court observed that there was no instruction or agreement as to the manner of return and that it could not be held under such circumstances that defendant was negligent as a matter of law.

Plaintiffs place reliance upon Newman v. Clayton F. Summy Co., 2 Cir., 133 F.2d 465. In our view, the case is not in point. There, the plaintiff-consignor shipped the property in question from Florida to its consignee in Chicago. The latter reshipped the property by express from its Chicago to its New York office at a nominal value. The

property was lost in transit and a judgment against the consignee was affirmed. The property was insured by the consignor for $500.00, but there is nothing in the opinion to show the valuation placed upon it by the consignor when it was shipped from Florida to Chicago. Of more importance is the fact that the shipment from Chicago to New York was not a return shipment and delivery by the consignee to the express company did not terminate the bailment.

We need not cite cases for the proposition that the burden was upon the plaintiffs to establish the defendant's negligence as a prerequisite to its right of recovery. While perhaps immaterial, we also need not cite cases in support of the proposition that defendant's delivery of the furs to the express company terminated the bailment and that it had no proprietary interest in the goods while in transit. Defendant's liability as epitomized by the judgment rests solely on the premise that it was negligent in placing a value of $50.00 on the furs rather than their actual value.

We are unable to discern in what respect defendant acted other than a reasonably prudent person would have acted under similar circumstances. It can hardly be claimed that defendant had any greater or different duty to protect the plaintiffs from loss during shipment than plaintiffs had to protect themselves. True, plaintiffs placed a higher valuation on the furs for the purpose of the outgoing shipment than the defendant did for their return, but even so, plaintiffs' valuation was only 10% of their actual value and it is obvious that this valuation was not for the purpose of protecting them against loss while the goods were in transit but because of a requirement contained in their insurance policy. The effect of plaintiffs' valuation was to relieve the express company of all damages for loss on the outgoing shipment in excess of $400.00 Such being the case, why should the defendant as their bailee be held liable because in returning the goods it relieved the express company of all liability in excess of $50.00? To so hold is to require of the defendant as consignee the exercise of a higher degree of care in the handling of plaintiffs' property than plaintiffs were willing to exercise on their own behalf.

If defendant had fixed the same valuation on the return of the goods as plaintiffs fixed on their original shipment, the question would, of course, be more simple. There is no contention, however, that defendant was negligent in fixing a $50.00 valuation rather than one of $400.00, but the claim is that the defendant was negligent in fixing a $50.00 valuation rather than a full valuation of $3,950.00. While the record does not specifically show, we think it properly inferable that defendant had knowledge that plaintiffs were relying upon their insurance rather than on the express company in the event of loss of goods in shipment. Certainly plaintiffs' valuation of 10% would so indicate. It also seems that if plaintiffs expected to rely upon the express company for loss sustained during the return shipment that they were under a duty to so advise the defendant, with the request that it place a valuation upon the goods which would permit such result. Particularly is this so when their valuation on the outgoing shipment indicated that they were not so relying.

While the question is not free from doubt, we are of the view that it cannot be held as a matter of law that the defendant was negligent in the respect relied upon. And this is so irrespective of the testimony relied upon by the defendant as to the custom and usage relative to valuation.

The judgment is, therefore, reversed and the cause remanded, with directions that the complaint be dismissed.