**N. P. WELLS, Appellant,**

**v.**

**FROST BROS., Inc., Appellee.**

**No. 13038.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 21, 1956.

Albert M. McNeel, Jr., San Antonio, for appellant.

Eskridge, Groce & Hebdon, San Antonio, for appellee.

NORVELL, Justice.

This is a suit by N. P. Wells against Frost Bros., Inc., predicated upon a charge of negligence in shipping a Russian Sable Scarf from San Antonio, Texas, to New York, N. Y. Trial was upon an agreed statement and judgment rendered that Wells take nothing.

The judgment will be affirmed. In November of 1951, appellant telephoned Frost Bros., Inc., and requested that the fur scarf be forwarded to his wife at the Waldorf Astoria Hotel in New York. He gave no instructions as to how the scarf should be sent, nor did he direct that it be insured. Frost Bros., Inc., was holding the scarf for safe-keeping as a bailee, and in the contract of bailment the value placed thereon was $100. It seems that Frost Bros., Inc., had appraised the scarf for insurance purposes some months prior to this time and the parties upon the trial agreed that the value thereof was $1,700. In forwarding the scarf to Mrs. Wells, Frost Bros., Inc., made use of the parcel post department of the United States Post Office, and insured the scarf for the nominal sum of $50, for the purpose of securing better handling. Frost Bros., Inc., supposed that the scarf was covered by insurance and that it would

therefore be unnecessary to insure it again with the postal authorities.

The scarf was lost in the mails and never delivered. Mrs. Wells received a settlement of $1,654 from the Globe and Rutger's Insurance Company, and it is inferable that the insurance company is the real party at interest in the prosecution of this claim. However that may be, the company is not a party to this suit and its claim could be no better than that of N. P. Wells, the nominal plaintiff in the suit.

Frost Bros., Inc., was acting as agent for Wells in sending the scarf to New York at his request. As Wells gave no instructions as to insurance, Frost Bros., Inc., could not be held liable for a failure to insure the scarf for its true value, as it had violated no legal or contractual duty which it owed to him. There was no basis for liability; the judgment of the trial court is correct and is accordingly affirmed. Whitehouse Bros. v. S. H. Abbott & Son, Tex.Civ.App., 228 S.W.2d 599; R. C. Read & Co. v Barnes, Tex.Civ.App., 252 S.W. 224; Kassvan v. Thomas E. McElroy Co., 7 Cir., 179 F.2d 97, 16 A.L.R.2d 860.

Affirmed.